MEFFERT v. THE DUBUQUE, B. & M. R. R. Co.

District court: RULES: COSTS. It is competent for the district court to adopt and enforce a rule limiting the right of witnesses, subpœnaed and attending court in several cases at the same time, to fees for mileage and attendance in one case only. Such a rule is "consistent with law," within the meaning of section 2680 of the Revision. MILLER, J., dissenting.

*Appeal from Jackson Circuit Court.*

THURSDAY, JULY 25.

THIS is an appeal from a ruling upon a motion to re-tax costs. There were twelve appeals, with different plaintiffs, in right-of-way cases pending against the same defendant, and for trial in the same court at the same time, and were all disposed of in the first five days of the term. There was a large number of witnesses subpœnaed in each case, including the parties plaintiff in the others. The witnesses' fees, as taxed in this case, amounted to $161.90, in all the cases, to $1,285. On the motion to re-tax, the court ordered the fees taxed for the parties plaintiff in the other cases, as witnesses, to be struck out, and overruled it

as to the balance. The defendant appeals. The further facts are stated in the opinion.

*S. P. Adams* and *Graham & Cady* for the appellant.

*J. Hilsinger* and *L. A. Ellis* for the appellee.

COLE, J. — This case involves the question as to the right of witnesses to demand and receive, by taxation as costs, fees for mileage and per diem in several cases at the same time. This question depends upon the statute, and the rules of the court. It is enacted (Rev., § 4153): "Each witness for attending before the district court, each day is entitled to one dollar. Mileage, for actual travel, per mile, five cents. * * * * * A witness who is subpœnaed in two or more cases, by the same party, shall be entitled to but one single compensation from such party for the same day's attendance or travel. The court may disallow, to the successful party, any witness who, without sufficient cause, was absent at the trial, or whose testimony was unimportant or unnecessary." * * * * * It is also provided, by section 4015, that witnesses are entitled to one day's attendance and travel fees, in advance, if demanded, and each morning of court may demand fees for the day's attendance, and in either case, if not paid, they need not attend or remain. Section 4016 makes witnesses liable for damages to the party, and for contempt also, if they fail, without excuse. Section 4017 provides that service of subpœna must be made by copy personally, and fees tendered, if demanded, before the witness can be made liable for contempt. These are all the provisions of the statute bearing upon the question. The following rule of court was duly adopted in April, 1869, and is still in force: "Witnesses shall not be entitled to claim fees in more than one cause at the same time, but they may select in which case they will claim the same; nor will they be permitted

to claim as witnesses for more than one day when under recognizance to appear at the same time in court on a charge of some criminal offense, nor when a juror." By Revision, section 2679, district courts are authorized to provide by rule for time of pleading, making issues in vacation, etc., and then it is enacted, section 2680: "The said courts may adopt also such other rules as they may deem expedient, consistent with law, and may revise the same as often as they think expedient."

It is conceded, that if the court might legally adopt the rule above set out, then the court erred in its refusal to limit the witnesses to their fees in "one cause at the same time." The language of the rule is plain and explicit, and there can be no controversy respecting its meaning. But it is claimed that it is not "consistent with law," and is therefore null and void. We are not free from doubt respecting this question; and it is not impossible that the very just and equitable result attained by holding it to be within the power of the courts, and hence valid, may have an undue influence upon our determination. But the rule is surely not in conflict with the language of the statute, for that enacts that "a witness who is subpœnaed in two or more cases, by the same party, shall be entitled to but one single compensation from such party for the same day's attendance or travel." It is consistent with this provision, and directs that the same principle shall be applied to witnesses when subpœnaed by different parties. In other words, the rule makes a consistent application of the principle of the statute, to witnesses not embraced in its language, though substantially within its spirit, to wit: to allow a witness a single compensation for his travel, and each day's attendance.

It may be true, as suggested by counsel, that, but for this rule of court, we should so construe the statute as to allow the witnesses their eight and ten-fold compensation, as did the court below, upon the authorities cited by

appellee's counsel. *Willink* v. *Reckle*, 19 Wend. 82; *Bliss* v. *Brainard*, 42 N. H. 255; *Flores* v. *Thorn*, 8 Texas, 378; *Robinson* v. *Banks*, 17 Ga. 211. But the term used in the statute, " consistent with law," was not intended to deprive the courts of all power to make any change whatever, but to limit their power, so as to prevent the making of any rule which should conflict with the statute or any settled principle of law. Under our statute, too, courts are clothed with discretionary power as to costs. Rev., ch. 137, especially § 3465. In our opinion, under the statute and the rule of court, the witnesses should be limited to one compensation for the same time, and for travel, but may claim that in any case they may select.

Reversed.

MILLER, J., dissenting.