## HARDIN v. POLK COUNTY.

**Fees:** WITNESS: WHEN SUBPOENAED IN SEVERAL CASES. A witness who is subpœnaed to attend court upon the same day in several different cases, is entitled only to fees for attendance and mileage for each separate day of his attendance, and his daily compensation is not increased by the fact that he is subpœnaed in more than one case. Constructive compensation is not allowed.

*Appeal from Polk District Court.*

SATURDAY, OCTOBER 24.

THIS is an agreed case for the purpose of determining the right of plaintiff to recover of defendant his fees as a witness in certain state cases tried in Polk county. He was subpœnaed in five different cases, and attended the court for fifteen days. The subpœnas required him to attend on the 10th of November in each case; he was finally discharged on the 25th. In the meantime, on different days, the causes had been disposed of. He claims for attendance and mileage in each case, beginning on the 10th, until it was disposed of. He thus

makes a claim for fifty-five days' attendance. In another case he claims for attendance from the 28th of November until the 13th of December. The supervisors allowed him for his full attendance in the last case, and for attendance from the 10th to the 25th of November, and mileage as in two cases.

The District Court held that he was entitled to fees for attendance and mileage in each case as claimed by him. From this decision the county appeals.

*Barcroft & Given,* for appellant.

*Nourse & Kauffman,* for appellee.

Beck, J.—In our opinion the decision of the District Court is erroneous, for the simple and obvious reason that, as a man cannot perform five days' service in one day, the law will not allow compensation for five days' service claimed to have been done in one day. The law cannot overcome physical impossibilities; it cannot make five days out of one. It will not do that which is equally impossible in morals, namely, bestow five days' compensation for one rendered. But if the statute requires us to accept the fiction that plaintiff did perform five days' service in one day, he is, under the liberality of such fiction, entitled to his claim.

Code, § 3814, provides: "Witnesses in any court of record shall receive for each day's attendance one dollar and twenty-five cents. * * * Mileage for actual travel per mile each way, five cents."

The compensation here provided for is for service; that service is the *attendance* required. If the witness gives one day's attendance in one case, it is just as impossible for him to do more, give attendance in other cases, as it is for a laborer to do a full day's work for each of five employers in one day. The witness is paid for his *attendance*—his being present in court. The compensation is received by the day, and when paid for a full day's attendance, the witness can claim no more, for he has earned no more. The language of the statute is explicit. The witness is to be paid for "each day's attendance," not for each day in each case. It means that he shall

be paid for one day's attendance the fee named. Nothing can be plainer.

*Meffert v. The Dubuque & B. R. Co.*, 34 Iowa, 430, is a similar decision under a different statute. It was decided upon the statute and rule of court. There is nothing found in that decision inconsistent with the conclusion we reach in this case.

We will certainly not open the door to constructive compensation for services rendered to the public; nor will we, by construction of a statute, require an unsuccessful party to a lawsuit to pay for services never rendered. The claim of plaintiff can only be supported upon a liberal construction of the statute. We adopt the obvious meaning of its language. In our opinion defendant is entitled to compensation for each separate day of his actual attendance, at the rate prescribed by law, and mileage in the same way. The number of cases in which he may be required, by subpœna, to give testimony, does not increase his compensation. The judgment of the District Court is

REVERSED.