FEDERAL SMELTING CO. v. SECURITY STEEL & IRON CO. (Supreme Court, Appellate Division, Third Department. May 3, 1911.) Appeal from Special Term. Action by the Federal Smelting Company against the Security Steel & Iron Company. From an order reducing plaintiff's costs, it appeals. Affirmed. Shaw, Bailey & Murphy, for appellant. Edgar T. Brackett, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements.

HOUGHTON, J., not sitting.

BETTS, J. (dissenting). I concur with the prevailing opinion herein, except in two particulars:

First. The Special Term was clearly wrong in my opinion, in deducting from the costs as taxed $25 from the $35 item allowed upon the amendment of the answer. That $35 was allowed to plaintiff by the Special Term February 27, 1909, Justice Fitts presiding, as a condition imposed on the defendant for permission granted to amend its answer. That order still stands, not appealed from, so far as appears, and could not be reversed by another justice sitting at Trial or Special Term. It should have been permitted as costs taxed or allowance made by direction of a justice of the court. So far as this $35 item is concerned, it is just the same in the bill of costs taxed by plaintiff and the credit thereon by the plaintiff as though it had not been inserted at all. It has taxed the $35 as granted by the court, and has credited the same amount as a payment thereof by the defendant. As it is in the order appealed from, $10 only is allowed the plaintiff for the amendment, and the defendant is credited with having paid $35 on that $10, which, of course,

is awkward arithmetic. The costs payable by the defendant to the plaintiff would then stand:

Total for costs............................ $185
Total for disbursements.............. 104

Total amount allowed................ $289
Credited thereon by payments by defendant at different times......... 85

Total for costs and disbursements remaining to be paid by defendant to plaintiff .......................... $204

Second. The order, as thus modified, should in my opinion be affirmed, without costs to either party. There are a sufficient number of contradictory decisions as to whether the stenographer's minutes should be taxed or not, and as to several other items that were included in the bill as taxed, as to warrant plaintiff in appealing, and I think no costs should be awarded of this appeal.