sign any mortgage, lease, or other conditional estate. The certificate discharges the lien. A man who pays a debt cannot be said to purchase the debt, neither can one who discharges a lien be said to purchase the interest of the lienor. He simply wipes it out.

This conclusion is fortified by a consideration of the purposes and intent of chapter 227 of the Laws of 1910. All lawyers and judges who are concerned with conveyancing know that a practice has grown up of attempting to impede the foreclosure of mortgages by conveyances and mortgages, made either to fictitious persons or to persons whose residence is without the jurisdiction of the courts or unknown; and such conveyances and mortgages are also used for the purpose of defrauding creditors. This statute was enacted to cure these wrongs, and should be confined in its application accordingly. Even if a certificate of discharge could be called a conveyance, and if the person for whose benefit it is made could be called a purchaser, yet the name of such person does not appear on the instrument itself, and should not appear thereon, unless required by express statutory enactment. It inures to the benefit of all persons who have an interest in the premises which is subject to the mortgage.

If such persons are purchasers, there may be a number of them, and their identity and names may be unknown to the mortgagees, who certify the discharge. The case is entirely different from that of a conveyance which transfers an interest in real property. In such case, the name of the purchaser appears upon the face of the instrument, and the object of the statute is to locate such person, so that his identity may be ascertained upon inquiry. None of these considerations, which moved the enactment of chapter 227 of the Laws of 1910, apply to the case of the discharge of a mortgage; and as there is nothing in any provision of law that I am aware of which expressly makes this provision applicable to a certificate of discharge of a mortgage, I am led to the conclusion that this motion should be granted.

Motion for a peremptory writ of mandamus granted, but without costs.

---

### VIBBARD v. KINSER CONST. CO.

(Supreme Court, Appellate Division, Third Department. June 28, 1911.)

1. Costs (§ 191*)—Disbursements—Referee's Fee.

Where a referee was appointed at plaintiff's instance to take the evidence of his testator before action brought, a fee of $10 for the referee's services was properly allowed as disbursements.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 697; Dec. Dig. § 191.*]

2. Costs (§ 190*)—Disbursements—Transcript of Testimony.

A dispute having arisen as to the testimony of a witness on a motion for a new trial on the judge's minutes, the court directed a part of the testimony of such witness transcribed. Plaintiff ordered a transcript of the entire testimony of the witness, but the stenographer furnished the minutes of the entire trial. On a new trial the evidence of another wit-

ness was read from the transcript, and the fees of the witness saved thereby were in excess of the cost of the minutes of his testimony on the first trial. *Held,* that plaintiff was only entitled to tax as a disbursement the cost of such part of the transcript as related to the testimony of the two witnesses.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 660–662; Dec. Dig. § 190.*]

Appeal from Special Term, Albany County.

Action by Dora Vibbard, as executrix of the will of Harry R. Vibbard, deceased, against the Kinser Construction Company. From an order denying defendant's motion for reduction of costs, it appeals. Affirmed in part and reversed in part.

See, also, 138 App. Div. 934, 123 N. Y. Supp. 1146.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, SEWELL and BETTS, JJ.

L. B. McKelvey, for appellant.
Walter A. Fullerton, for respondent.

JOHN M. KELLOGG, J. The action was tried and a motion upon the judge's minutes for a new trial was made and argued. A dispute arose as to the testimony of the witness Duprey. The court directed written briefs to be submitted and that counsel furnish that portion of the testimony of said witness which referred to the speed at which the crane was moving just prior to the time of the accident. Thereupon the plaintiff ordered the stenographer to furnish the testimony of Duprey; but the stenographer furnished the minutes of the entire trial. The testimony of Duprey was submitted to the court, and the plaintiff in his brief made numerous quotations from and references to the testimony of other witnesses.

The clerk included in the disbursements $55.29, the cost of the stenographer's minutes, and $10, the fee of a referee who was appointed at the instance of the plaintiff to take the evidence of his testator before action brought.

[1] The Special Term refused to strike from the bill of costs these two items or to order a retaxation with reference thereto. As to the referee's fees, I think the order is right. It is unnecessary to consider whether technically these fees are fixed by section 3296 or are to be fixed by the court under subdivision 3 of section 3251 of the Code of Civil Procedure. The Special Term, after hearing, refused to strike them out and therefore passed upon their reasonableness and, having found them reasonable, was not required to order a retaxation with reference to them.

We held at our last March term, in Federal Smelting Co. v. Security Steel & Iron Co., 129 N. Y. Supp. 1121, that stenographer's fees obtained for use upon another trial were not taxable, following Hudson v. Erie R. R. Co., 57 App. Div. 98, 68 N. Y. Supp. 28, and Herrmann v. Herrmann, 88 App. Div. 76, 84 N. Y. Supp. 736.

[2] In the case at bar, it was unnecessary to obtain the stenographer's minutes for use upon the hearing of the motion for a new

trial. The court had practically passed upon that subject by requiring only certain parts of Duprey's testimony to be furnished. If the minutes, other than the parts of Duprey's testimony required, were furnished by mistake, that is no reason why they should be taxed as a disbursement in the case, and the fact that the plaintiff referred to them in his brief does not change the situation. The $55.29 was, therefore, erroneously taxed by the clerk. The plaintiff, however, was authorized to tax as a disbursement the reasonable cost of the minutes of the testimony of Duprey which was furnished.

Pursuant to stipulation, the evidence of the witness Banks was read upon the second trial from the stenographer's minutes, and the amount of witness fees saved thereby is in excess of the cost of the minutes of his testimony upon the first trial. Under the circumstances, I think it is also proper to tax the fees of the stenographer in furnishing the testimony of this witness.

The order appealed from is affirmed as to the referee's fees and reversed as to the stenographer's fees, and the matter remitted to the county clerk, with direction to retax the stenographer's fees allowing only the cost of the testimony of Duprey and Banks. No costs of this appeal are allowed. All concur.