It follows that the judgment of conviction should be reversed and a new trial granted.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Judgment reversed and new trial granted. Settle order on notice.

---

HERMAN ROTHMANN, an Infant, by LOUIS ROTHMANN, His Guardian ad Litem, Appellant, *v.* THOMPSON BROTHERS, INC., Respondent.

First Department, November 5, 1920.

**Appeal — verdict reinstated by Appellate Division and judgment for plaintiff ordered, with costs — when defendant not entitled to costs of appeal under Code of Civil Procedure, section 3239 — order of Appellate Division binding upon clerk on taxation of costs.**

Where the trial court set aside a verdict for the plaintiff and granted a new trial in an action for negligence, and the order was reversed by the Appellate Division, with costs and disbursements, and the verdict reinstated with a

direction that judgment be entered for the plaintiff, with costs, the unsuccessful defendant is not entitled to costs under subdivision 2 of section 3239 of the Code of Civil Procedure, and it was error to allow the defendant's costs and disbursements on the appeal to be credited on the judgment.

In no event is the unsuccessful party entitled to costs as matter of right under subdivision 2 of section 3239 of the Code of Civil Procedure, unless the order falls clearly within the Code provisions.

Moreover, the clerk on taxation of costs was bound by said order of the Appellate Division which awarded the costs and disbursements of the appeal to the appellant, and if the respondent claimed that the order in that respect was erroneous, it should have moved for a resettlement thereof or have appealed therefrom.

APPEAL by the plaintiff, Herman Rothmann, an infant, etc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of April, 1920, granting defendant's motion for a retaxation of costs.

*Howard C. Lake* of counsel [*Almy, Van Gordon & Evans,* attorneys], for the appellant.

*Walter L. Glenney* of counsel [*Bertrand L. Pettigrew,* attorney], for the respondent.

LAUGHLIN, J.:

On the third trial of the issues of this action, which was brought to recover for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendant, plaintiff recovered a verdict. On defendant's motion, the trial court set aside the verdict and granted a new trial and from the order plaintiff appealed to this court and on the 27th day of February, 1920, we reversed the order and reinstated the verdict and directed that judgment be entered thereon in favor of the plaintiff. (191 App. Div. 892.) The material provisions of the order, entered on our decision, are as follows: "It is hereby ordered that the order so appealed from be and the same is hereby reversed with costs and disbursements and the verdict reinstated and judgment ordered to be entered thereon with costs." On the taxation of costs before the clerk both parties claimed to be entitled to costs and disbursements on the appeal. The clerk disallowed the defendant's claim and taxed them in favor of the plaintiff. Defendant then moved for a retaxation with

respect to the items relating to the appeal on the ground that under section 3239 of the Code of Civil Procedure, it was entitled to costs and disbursements on the appeal and prayed for an order directing that the costs and disbursements as taxed in favor of the plaintiff and the amount of the defendant's costs and disbursements on the appeal be credited on the judgment and upon any execution thereon. Said section 3239 provides, so far as material here, that upon an appeal from an interlocutory judgment or an order in an action, with the exceptions specified in subdivisions 1 and 2 of the section, costs are in the discretion of the court and may be awarded absolutely or to abide the event; and subdivision 1 thereof provides as follows: " 1. Where the appeal is taken from an order, granting or refusing a new trial, and the decision upon the appeal refuses a new trial, the respondent is entitled, of course, to the costs of the appeal." I am of opinion that the learned justice at Special Term erroneously construed these statutory provisions. The appeal herein was not merely from an order granting a new trial but from an order setting aside the verdict and granting a new trial; and the *decision* upon the appeal did not merely *refuse* a new trial but it reversed the order *in toto* and reinstated the verdict and directed that judgment be entered thereon in favor of the plaintiff. The order, therefore, does not fall literally within these provisions entitling the respondent to costs as of course; and plainly it does not fall within the intent of the Legislature for it would be unreasonable to hold that it intended that the party who was wholly defeated on the appeal should be entitled to costs of the appeal as a matter of right while costs in all other cases with the one exception specified in subdivision 2, whereby it is provided that on an appeal from an order refusing a new trial and an appeal from the judgment also, neither party shall have costs of the appeal from the order, were left to the discretion of •the court on the appeal. It would be difficult to decide precisely what the Legislature meant in so far as it thus provided that on the appeal from an order *granting* a new trial, the respondent should be entitled, as of course, to costs if the *decision* on the appeal refuses a new trial, for to grant the defeated party costs *as a matter of right* is contrary to all other legislation on the subject and to the practice of the

courts where costs are discretionary. Throop, in his note to this section, states that it was taken from sections 315 and 306 of the Code of Procedure, with the exception of subdivision 2 which was new, and that subdivision 1 was taken from the 3d sentence of section 306 of the Code of Procedure " as applied to an appeal from an interlocutory judgment or an order." The 3d sentence of section 306 of the Code of Procedure (as amd. by Laws of 1851, chap. 479) as it existed in 1880, when the second part of the Code of Civil Procedure embracing section 3239 was enacted (Laws of 1880, chap. 178), related only to costs of an appeal which rested in the discretion of the court and provided that when a new trial shall be ordered on an appeal or when a judgment shall be affirmed in part and reversed in part, the costs of the appeal shall be in the discretion of the court (New York Code of Civil Procedure [2d ed.], 1879, Notes by M. H. Throop, p. 689) and those had been the provisions of that section from 1851 (Voorhies' New York Annotated Code [10th rev. ed. 1870], § 306). It would seem, therefore, that a very radical change was made in the provisions as enacted in section 3239 of the Code of Civil Procedure and there appears to be no explanation thereof in the notes of the Commisssioners to Revise the Statutes and we have been unable to find any decision shedding light thereon. Therefore, without attempting to define precisely what was meant by these provisions, or expressing an opinion as to whether they apply to the usual orders based on the minutes of the court or on the record of the trial or relate only to other orders granting or refusing a new trial, we decide this appeal by holding that in no event is the unsuccessful party entitled to costs as matter of right under said subdivision 1 of section 3239 unless the order falls *clearly* within these provisions, which the order in question does not, for as already observed, the order of this court was not merely *a decision* refusing a new trial and it was intended thereby in the exercise of the discretion of this court that the appellant who wholly succeeded on the appeal should recover costs and disbursements. Moreover, we think the clerk on the taxation of the costs was bound by the order of this court, which awarded costs and disbursements of the appeal to the appellant, and if the respondent claimed that the order in that respect was

First Department, November, 1920.          [Vol. 193.

erroneous, it should have moved for a resettlement thereof or have appealed therefrom.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion for retaxation denied, with ten dollars costs.

Clarke, P. J., Dowling, Smith and Greenbaum, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied with ten dollars costs.