BARTHOLEMEW J. HOPKINS and Another, Plaintiffs, *v.* HATTIE M. HAWKINS and Others, Defendants.

Supreme Court, Onondaga County, August 8, 1925.

Costs — taxation — retaxation pursuant to Civil Practice Act, § 1536 — rule 21 of Rules of Court of Appeals requires submission on printed briefs of all motions for leave to appeal — application for leave to appeal part of procedure to perfect appeal — Court of Appeals affirmed judgment in defendants' favor " with costs "— defendants, under Civil Practice Act, § 1518, subd. 6, entitled to expenses incurred for printing briefs on plaintiffs' motion before Court of Appeals for leave to appeal.

Rule 21 of the Rules of the Court of Appeals requires the submission on printed briefs of all motions for leave to appeal to that court. An application for leave to appeal to said court is a part of the procedure prescribed by the statute to perfect the appeal.

Accordingly, defendants, under subdivision 6 of section 1518 of the Civil Practice Act, are entitled to include in their bill of costs, submitted on the affirmance of a judgment of the Appellate Division in their favor, the expenses incurred

for printing their briefs on plaintiffs' motion before the Court of Appeals for leave to appeal, since the order of the Court of Appeals affirming said judgment " with costs " is broad enough to cover the item of printing, though the order permitting the appeal, in keeping with the usual practice of the court, is silent as to costs on the application.

MOTION by plaintiffs for a review and a retaxation of costs, pursuant to section 1536 of the Civil Practice Act.

*Frank Hopkins,* for the plaintiff.

*Basil B. Aylesworth,* for the defendant Seeley.

*Joseph M. Meatyard,* for the defendant Hawkins.

EDGCOMB, J.:

This is an equity action brought to compel specific performance of a contract. Defendants answered separately. The complaint was dismissed at Special Term, and the judgment of the lower court was affirmed in the Appellate Division. The Court of Appeals granted plaintiff's motion for leave to appeal to that court, but the order was silent as to the costs upon the application. In due course of time the appeal was argued in the court of last resort, and the judgment appealed from was affirmed, with costs. In taxing their costs the defendants included the expenses which they incurred for printing their briefs on the motion for leave to appeal. Plaintiff challenges their right so to do.

Section 1518, subdivision 6, of the Civil Practice Act provides that a party who has been awarded costs in an action is entitled to tax the reasonable expenses of printing papers on a hearing when required so to do by a rule of the court.

Rule 21 of the Rules of the Court of Appeals requires all motions for leave to appeal to that court to be submitted on printed briefs. It was necessary for the defendants, therefore, if they desired to oppose plaintiff's application, and they were amply justified in so doing, to print their briefs. The order on the application for leave to appeal to the Court of Appeals being silent on the question of costs, defendants' right to tax the disputed item depends entirely on whether the award of costs by the court of last resort on the affirmance of the judgment is broad enough to include such disbursement. In other words was the motion for leave to appeal to the Court of Appeals and the appeal itself two entirely separate and distinct proceedings? If so, the defendants being defeated on the motion are not entitled to tax any disbursements incurred in connection therewith. Or was the application a step in the appeal, and a part thereof, so that the award of costs on the affirmance of the judgment is broad enough to cover the items necessarily expended by the rule of the court?

Plaintiffs could not go to the court of last resort as a matter of right. They had to make the application in question in order to appeal. It was a part of the procedure prescribed by law to perfect the appeal. The contested disbursements were made in connection with the appeal, which was subsequently decided in favor of the defendants. When the court permitted the appeal the ultimate outcome was uncertain. The judgment might be reversed, in which event the court would not allow costs to the defendant. Being an equity action, even though the judgment was affirmed, the court could grant or withhold costs in its discretion. Had it denied plaintiffs' application the affair would have been a closed book, and costs of the motion could and probably would have followed that decision. But here the plaintiffs were given a new lease of life. The ultimate outcome of the case could only be determined after the argument of the appeal from the judgment. It was then and then only that the question of costs could be determined, if the appeal was to be permitted. It is common knowledge that whenever the Court of Appeals permits an appeal, its order is silent as to costs on such application, but if it denies the motion the question of costs is made a part of its order of denial. We have a right to take into account the usual practice of the court in this regard. It cannot be that it was ever intended to universally deprive parties of the right to recover their disbursements for printing their briefs to oppose a motion for leave to appeal to the Court of Appeals, which they are compelled to incur by reason of the rule of that court, if perchance the question involved is deemed of sufficient importance to be passed upon by that court.

Even though the defendants were temporarily unsuccessful on the application to go to the Court of Appeals, such fact would not necessarily preclude the defendants, who ultimately succeeded on the appeal, from recovering their printing disbursements. (*Burns v. D., L. & W. R. R. Co.*, 135 N. Y. 268.) In the case just cited the complaint separately set forth three distinct causes of action. Plaintiff was nonsuited as to two, but had a verdict as to the third. A commission had been issued to take testimony concerning one of the causes of action upon which plaintiff was nonsuited. Upon the taxation of costs the defendant objected to the items connected therewith, upon the ground that the plaintiff was unsuccessful as to that particular cause of action. The court held that the right of a party to tax the statutory allowance for examination of witnesses by commission did not depend upon his success as to the particular cause of action to which the proof was directed, but upon such success as carried with it the right to general costs in the action, and that as the plaintiff succeeded to that extent, the fact that he

failed to recover upon the two causes of action was utterly immaterial.

In *Vibbard* v. *Kinser Construction Co.* (145 App. Div. 673), the court ordered a transcript of the stenographer's minutes of certain evidence to be used upon a motion for a new trial upon the judge's minutes. A new trial was granted, and to that extent the defendant was successful. When the case was tried the second time the plaintiff again succeeded. It was held that the stenographer's fees for transcribing the evidence required by the court upon the motion for a new trial was properly included in the bill of costs upon the second trial. Certainly the motion for leave to appeal to the Court of Appeals is as much a part of the appeal to that court as a motion for a new trial is a part of the second trial.

I think that it must be held that the words " with costs " in the order of affirmance are broad enough to cover the item to which objection is made.

Motion denied, with ten dollars costs.