In the Matter of the Estate of ANNA WEIMAN, Deceased.

Surrogate's Court, Bronx County, July 19, 1934.

*Frackman & Robins,* for the objectants, appellants.

*Medina & Sherpick,* for the accountant, respondent.

HENDERSON, S.   The Appellate Division " affirmed, with costs," the decree of this court dismissing the objections to the administrator's account.   The Court of Appeals granted leave to appeal to that court, and subsequently " affirmed, with costs," the order of the Appellate Division.

The administrator's bills of costs have been duly noticed for taxation.   The objectant, appellant, objects to the items for printing the points in each appellate court on the ground that they are excessive, and to the inclusion therein of any charge for author's corrections because such charge is the result of errors in drafting respondent's briefs.

The printing of respondent's points was required in each appeal and in the motion for leave to appeal (Rules of Practice of Court of Appeals, rules V and XXI; Rules of Appellate Division, First Department, rule VI; Rules Civ. Prac. rule 235), and the reasonable expenses therefor are taxable as necessary disbursements. (Civ. Prac. Act, § 1518, subd. 6.) While it is proper that an unsuccessful party should recoup his successful adversary for the outlay thus required, the former's burden should not be increased by any act or omission on the part of the latter. Author's corrections or alterations should not be necessary and charges therefor are not reasonable expenses of printing the points. The amounts paid for printing are supported by affidavits and receipted bills, and are taxable in the sums requested less the respective charges for author's alterations.

The objectant, appellant, further contends that " so much of the said item as relates to the printing of briefs on the motion for leave to appeal to the Court of Appeals should be disallowed. Said motion for leave to appeal terminated in favor of the objectants, appellants, who were granted such leave by the Court of Appeals. The order granting such leave did not order any costs to be paid on said application. The appeal to the Court of Appeals was not taken until *after* the granting of said motion. Therefore, when the Court of Appeals subsequently affirmed the order appealed from ' with costs,' the costs intended were only the costs of the appeal to the Court of Appeals and not of the motion for leave to appeal or for any other proceedings prior to the actual taking of the appeal pursuant to the leave theretofore granted."

Mr. Justice EDGCOMB had occasion, not long ago, to determine a similar matter, and I am in full accord with the reasoning expressed in his opinion (*Hopkins* v. *Hawkins*, 125 Misc. 561; affd., 215 App. Div. 751).

The respondent's expenditures for printing the points used in opposing the motion for leave to appeal are taxable in the amount requested.

The accountant, respondent, however, has not submitted the affidavit prescribed by rule V of the Rules of Practice of the Court of Appeals, and the charge for printing the points in connection with the appeal to that court cannot now be allowed. He may file such an affidavit with proof of service thereof, within ten days, and the taxation of his bill of costs therein is meanwhile suspended.

Costs in the appeal to the Appellate Division taxed.

Proceed accordingly.