In the Matter of the Estate of GEORGE FOWLER, Deceased.

Surrogate's Court, Broome County, May 10, 1943.

*William B. Roulstone* for Florence L. Hutson, petitioner.

*Clinton De Witt Van Siclen* for George W. Fowler, respondent.

*Deyo, Turner & Normile* for James R. Duncan et al., as trustees under the will of George W. Fowler, deceased, respondents.

PAGE, S. Petitioner in the above-entitled proceeding was duly awarded costs on appeal to the Court of Appeals. (288 N. Y. 697 ; 289 N. Y. 756.) Pursuant to notice, which he had previously duly given to each of the attorneys for the other parties in this proceeding, the attorney for the petitioner, on March 31, 1943, presented a proposed bill of costs for the purpose of taxation.

There is no question of petitioner's right to a proper bill of

costs, nor any question as to such costs' being assessable against the respondent, George W. Fowler, personally. Both of these questions were determined in the Court of Appeals.

A question arose in connection with the taxation of costs in relation to a disbursement item consisting of printing petitioner's brief on appeal to the Court of Appeals. It was contended by counsel for respondent, George W. Fowler, that this particular item is unwarranted by reason of its being excessive. A receipted bill of the Alpert Press Printers of 138 Livingston Street, Brooklyn, N. Y., has been submitted by the petitioner in support of the full amount claimed for the item of printing disbursement. This statement consists of items as follows: " 30 copies, 43 pp. Brief $53.75; 48 pages Killed Type $43.20; Alterations and Proofs 4 times $56.00 ", to which is added an item of $.37 postage and New York sales tax of $1.53, making a total in the sum of $154.85. It is conceded that the brief in question, as finally printed, was forty-three pages in length and that there were thirty copies thereof, amounting to a proper disbursement in the above-mentioned sum of $53.75. The other two. above-mentioned items of $43.20 and $56.00, respectively, constitute the subject matter of this determination. These items were objected to by respondent Fowler on the ground that he should not be penalized for any necessity for " killing " type or making " alterations and proofs 4 times " because the brief, as originally submitted to the printer, was amended repeatedly by counsel for petitioner. It is conceded by the latter that if he had not made any corrections, additions, alterations or amendments, but had not submitted the brief to the printer until these had already been completed and his brief was in final form, to his own satisfaction, there would not have been these additional charges amounting to $99.20. He contends, however, that " the result justifies the additional labors involved in revising and re-writing the brief four separate times " and that, during a long experience in appellate practice, he has " never before had any lawyer challenge a printing bill for a brief which was actually incurred or paid in good faith and that striving for excellence should be encouraged in the interest of brevity, coherence and conciseness."

With this contention, in relation to the present circumstances, I cannot agree for the simple reason that there is no showing of any degree of necessity for having handled this matter of brief-printing in a manner such as to nearly treble the cost of what it otherwise would have been. There is no contention on the part of the petitioner but that it was entirely within the discretion of

her counsel to have perfected his brief " to his own satisfaction " before ever having submitted it to the printer at all. This, I hold, he should have done in order to avoid the additional expenditures above-mentioned caused solely by an election on his part to make alterations and changes in his manuscript of brief which had been previously turned over to the printer. It lay within his power only to have avoided this unnecessary expenditure.

While it may not be invariably true that the maximum allowable for an item of disbursement in connection with a bill of costs is limited by the absolute minimum of expense necessary to be incurred and paid for such a particular item, yet, despite the paucity of authority, even analogous to the present question, it is a matter of " common sense " that a particular item may not be run up to a total so substantially higher than there was any reasonable necessity for its having been.

The respondent is well within his rights in objecting to being required to pay the additional sum of $99.20 to which he has taken exception. The total of this disbursement, viz., $154.85, less the sum of the two items objected to, viz., $99.20, will leave a proper allowance for the disbursement for printing the brief of $55.65. This, included within the total of undisputed items, will result in a bill of costs and disbursements totaling $115.65.

Costs in the appeal to the Court of Appeals are hereby directed to be taxed accordingly.