Anthony P. Savarese, S.
In this proceeding the Court of Appeals reversed the judgment of the Appellate Division and directed that the decree of the Surrogate be reinstated, with costs in that court and in the Appellate Division (1 N Y 2d 284). Section 1510 of the Civil Practice Act, which governs the award of costs upon an appeal to the Court of Appeals, provides in subdivision 3 thereof as follows: ‘‘ For each term, not exceeding ten, at which the cause is on the calendar, excluding the term at which it is argued or otherwise finally disposed of, ten dollars.” Here the appellant seeks to tax an item of $50 on the ground that the cause was on the calendar for six terms, namely, September, October, November and December, 1955, January and February, 1956. The return and records were filed in September, 1955, at which time the appeal was given a calendar number, and argument was had in February, 1956. The Court of Appeals has only one term in each year which begins in January and ends in December. Only one term fee can be charged for each year. (Loewenkopf, Taxation of Costs, § 54, p. 27.) The executrix, in opposing the taxation of the aforementioned item, states in her memorandum that the appellant did not file her briefs until five months after the filing of the return. Her statement is not questioned. The cause was not in a condition to be considered by the Court of Appeals until the briefs were filed and after which it was promptly placed on the day calendar for argument in February, 1956. There is no basis for allowing any term fees and the item is disallowed. The item of $100 for two days’ time occupied in “preparing and entering decree on remittitur ” is also disallowed. Neither section 278 nor 279 of the Surrogate’s Court Act authorizes any award of costs for such service. Costs are the creature of the statute and cannot be imposed except in the cases authorized by its provisions. (Cassidy v. McFarland, 139 N. Y. 201, 208.) The items in the printer’s bills designated “ corrections ” made on the briefs and “killed type” and sales taxes computed thereon are disallowed. (Matter of Weiman, 152 Misc. 385; Matter of Fowler, 180 Misc. 786.) The item of $33 for travel expenses to Albany is a personal expense and not taxable. Costs taxed in the sum of $606.31.
The remittitur states the judgment of the Appellate Division is reversed and the original decree of the Surrogate’s Court reinstated, “ with costs in this Court and in the Appellate *791 Division, payable out of the estate.” While the opinion awards costs in both appellate courts and is silent as to the source of payment, this court is bound to follow the directions contained in the remittitur. The provision in the proposed order, which has been objected to by petitioner, would have the effect, if sanctioned, of assessing the costs personally against her. Her objection is sustained and the provision in question should be eliminated. Amendment 2 is allowed. Submit a corrected order on notice.