John D. Bennett, S.
After determination by the Court of Appeals (3 N Y 2d 502), applications for allowances pursuant to section 278 of the Surrogate’s Court Act and bills of costs have been submitted by the respective attorneys in the two construction proceedings.
Two questions have arisen on these applications. The first question is whether a bill of costs may be taxed in each of the two proceedings where the same party has appeared in both proceedings. The general rule is that in the absence of a formal consolidation or a stipulation as to costs, matters remain independent of one another for purposes of costs, with costs to be awarded in each proceeding according to its independent outcome (Gelfond v. Kirschenbaum, 249 App. Div. 894; Brown v. Cohan, 254 App. Div. 20; see, also, 23 Carmody-Wait Cyclopedia *1003 of New York Practice, p. 128). This applies equally as well to costs on appeal in the absence of a direction to the contrary by the appellate court (Fulton Bank v. Beach, 2 Paige ch. 185; 23 Carmody-Wait Cyclopedia of New York Practice, p. 369). In the event a party has appeared in both proceedings, his disbursements, unless they have been specifically disbursed for a particular proceeding, are directed to be equally divided between the two proceedings (Kardonsky v. Tozzi, 217 App. Div. 753).
The second question concerns the requests by the attorneys for the successor trustees that the allowances granted by this court be divided equally between the two trust funds, each one of which was the subject of an independent construction proceeding. This contention is opposed by the attorneys representing George Gunderson as executor of the estate of Charles E. Gautier, which executor appeared in only one of the proceedings affecting the trust set up for the benefit of Dudley G. Bird. These attorneys argue that the Court of Appeals’ direction reversing the Appellate Division “with costs to all parties appearing separately and filing separate briefs, payable out of the estate ” (3 N Y 2d 502, 510) precludes this court from granting the attorneys for the successor trustees any allowance from the Dudley G. Bird trust, since the successor trustees appealed only in the proceeding affecting- the trust for the benefit of Marie Louise Bird.
Allowances granted by the Surrogate pursuant to section 278 of the Surrogate’s Court Act have no relation to costs directed by an appellate court. In Matter of Fowler (265 App. Div. 617, 620-621) the court stated: “ The order of this court reversing the decree of the Surrogate provided for costs to the appellant in this court and the court below payable out of the annuity of George W. Fowler. This was under section 283 of the Surrogate’s Court Act and. the determination of this court on the question of costs did not limit the Surrogate as to making of allowances for counsel fees or direct him from what fund they should be paid. The power of the court to award costs in all courts and to all parties in a proceeding as to the construction of a will is well established. (Matter of Rooker’s Will, 248 N. Y. 361; Matter of Kennedy’s Will, 279 N. Y. 255.)
‘1 Such a grant of costs does not deprive the Surrogate of the discretionary powers granted to him under section 278 of the Surrogate’s Court Act. (Matter of Staiger’s Will, 249 N, Y. 229.) Such costs do not include any allowance for counsel fees. This is a matter to be determined by the Surrogate. (Matter of Reimers’ Will, 264 N. Y. 62; Matter of Walters’ Estate, 285 N. Y. 412.) ”
*1004 Since in this matter the previous decrees have reserved the-question of allowances pursuant to section 278 of the Surrogate’s Court Act, it is proper at this time for the court in its discretion to fix such allowances.
Under section 276 of the Surrogate’s Court Act, the Surrogate is given broad powers to award costs as justice may require (Matter of Merz, 164 Misc. 855, 864; 6 Jessup-Bedfield on Surrogates’ Law and Practice, § 5423). This court is however restricted in granting costs to those persons who are parties to the proceeding (Matter of Upjohn, 114 N. Y. S. 2d 777).
All of the persons seeking an allowance are parties either to one or the other construction proceeding in this court and on appeal. It is also true that both proceedings concern trusts which, in effect, are mirror images of each other. In an analogous situation the Court of Appeals in Matter of Upjohn (304 N. Y. 366) held that a decree of the Surrogate’s Court was proper which charged costs proportionately to similarly situated trusts under the will where the proceeding affected only one of such trusts. The Court of Appeals said (p. 379): “ In our view, since decision herein will have a practical bearing upon the construction of other provisions of the will, the surrogate properly exercised his discretion in making the direction that he did. ’ ’
Accordingly this court in the interest of substantial justice directs that all allowances fixed for the parties herein and payable to their attorney or attorneys be equally divided between the principal of the two trusts.
The request by the attorneys for Dudley G-. Bird for additional disbursements, including railroad fare to Albany not provided for by statute, is denied (Matter of Creekmore, 2 Misc 2d 789).
Any additional bills of costs submitted in accordance with this opinion may be served and submitted five days after the date of this opinion. Allowances to the attorneys and special guardian will be fixed at the time of submission of the decrees and inserted therein.
Settle decrees on five days’ notice.