Sidney Gold, J.
The plaintiff moves for retaxation of a bill of costs taxed by the defendant as a successful appellant upon an appeal from an order which granted a new trial after a verdict had been rendered in favor of the defendant. It is plaintiff’s contention that as respondent on the appeal under subdivision 1 of section 1491 of the Civil Practice Act he should be entitled to costs. Plaintiff did attempt to tax a bill of costs before the Clerk who taxed the defendant’s bill over the plaintiff’s objection. The said statute is titled and reads in part as follows :
‘1 § 1491. Costs upon appeal from interlocutory judgment or order. Upon an appeal from an interlocutory judgment or an *37 order in an action, costs are in the discretion of the court, and may be awarded absolutely, or to abide the event, except as follows:
1 ‘ 1. Where the appeal is taken from an order granting or refusing a new trial, and the decision upon the appeal refuses a new trial, the respondent is entitled, of course, to the costs of the appeal.”
The Appellate Term’s disposition of the appeal was as follows: “ Order reversed, with $30 costs and verdict reinstated.”
Were the plaintiff’s contention upheld it would in effect be awarding to an unsuccessful party the costs and disbursements of an appeal where such party was only successful in having a motion for a new trial granted by the trial court which of course was necessarily preceded by a vacatur and setting aside of the jury’s verdict. The appeal was not strictly and solely concerned with the order granting a new trial but also with the verdict and the vacating of same.
The only ease which attempts to interpret the wording of subdivision 1 of section 1491 of the Civil Practice Act (formerly Code Civ. Pro., § 3239, subd. 1) is Rothmann v. Thompson Bros. (193 App. Div. 694) where the same situation was presented with the exception that the plaintiff therein was successful on appeal in having an order granting a new trial reversed and the verdict in his favor reinstated. In the lower court the defendant’s motion for a retaxation of costs was granted apparently upon the same grounds as are asserted by the plaintiff herein. The order allowing retaxation of costs was reversed upon the appeal. In referring to the prior appeal from the order granting a new trial to the defendant, the appellate court said (pp. 696 and 697): “ The appeal herein was not merely from an order granting a new trial but from an order setting aside the verdict and granting a new trial; and the decision upon the appeal did not merely refuse a new trial but it reversed the order in toto and reinstated the verdict and directed that judgment be entered thereon in favor of the plaintiff. The order, therefore, does not fall literally within these provisions entitling the respondent to costs as of course; and plainly it does not fall within the intent of the Legislature for it would be unreasonable to hold that it intended that the party who was wholly defeated on the appeal should be entitled to costs of the appeal as a matter of right while costs in all other cases with the one exception specified in subdivision 2, whereby it is provided that on an appeal from an order refusing a new trial and an appeal from the judgment also, neither party shall have costs of the appeal from the order, were left to the discretion of the court on the appeal. It would *38 be difficult to decide precisely what the Legislature meant insofar as it thus provided that on the appeal from an order granting a new trial, the respondent should be entitled, as of course, to costs if the decision on the appeal refuses a new trial, for to grant the defeated party costs as a matter of right is contrary to all other legislation on the subject and to the practice of the courts where costs are discretionary. * * * It would seem, therefore, that a very radical change was made in the provisions as enacted in section 3239 of the Code of Civil Procedure and there appears to be no explanation thereof in the notes of the Commissioners to Revise the Statutes and we have been unable to find any decision shedding light thereon. Therefore, without attempting to define precisely what was meant by these provisions, or expressing an opinion as to whether they apply to the usual orders based on the minutes of the court or on the record of the trial or relate only to other orders granting or refusing a new trial, we decide this appeal by holding that in no event is the unsuccessful party entitled to costs as matter of right under said subdivision 1 of section 3239 unless the order falls clearly within these provisions, which the order in question does not, for as already observed, the order of this court was not merely a decision refusing a new trial and it was intended thereby in the exercise of the discretion of this court that the appellant who wholly succeeded on the appeal should recover costs and disbursements.”
It also appears that the Appellate Term in reversing the order herein granted “ $30 costs ” in its discretion and did not simply allow “ costs ” which might be interpreted as allowing costs of course.
Accordingly, I find the Clerk properly taxed the bill of costs of the defendant rather than taxing the bill of the plaintiff herein.
This action was tried as one consolidated with another action (Action No. 1) which was severed after trial. The defendant herein was also a defendant in Action No. 1 and a judgment against the defendant was also appealed from in that action. The record on appeal necessarily comprised and dealt with all the proceedings had upon the trial of these two actions which had been consolidated for all purposes. The judgment against the defendant in Action No. 1 was affirmed on appeal with costs to the plaintiff. It would be an injustice to the plaintiff herein for him to have to bear the burden of the whole cost of the printing of the record on appeal.
Accordingly, the items of disbursement for printing and for a transcript of the trial minutes in the total sum of $1,937.17 are *39 directed to be reduced by the judgment clerk upon presentation of this order to one half of said amount, namely $968.58 (see Kardonsky v. Tozzi, 217 App. Div. 753; Rogers v. State of New York, 7 N. Y. S. 2d 668; Matter of Gautier, 12 Misc 2d 1001).