---

WILLINK and others *vs.* RECKLE.

THE SAME *vs.* FULTON.

THE SAME *vs.* BINGHAM.

On motion for judgment as in case of nonsuit, but one set of papers is taxable where there are two or more causes between the same parties prosecuted and defended by the same attorneys ; and this rule must be observed by the taxing officer without special directions in the order under which the taxation is had.

In the affidavit of the attendance of witnesses it is not necessary in the first instance to state their materiality. The affidavit need not be made by the party or his attorney.

Subpœna, ticket and attendance of witness is chargeable in each cause, although the same witness is subpœnaed in several causes at the suit of the same plaintiff.

Oct. 1837.          RETAXATION of costs. On a motion for judgment as in case of nonsuit, the plaintiffs obtained leave to stipulate, on payment of costs, for not trying the causes pursuant to notice, and costs of motion. Two of the suits were defended by a firm composed of two attorneys, and the third by another attorney. The taxing officer allowed full sets of papers in each cause on the motion for judgment as in case of nonsuit, because the order of the court did not restrict the taxation to one set. He also allowed an affidavit of attendance of

witnesses in each cause, although but one affidavit was made. So he allowed a subpœna, subpœna ticket and attendance of witnesses in each cause, although the same witnesses were subpœnaed in each cause. A motion for retaxation was made.

*By the Court*, COWEN, J. The attorneys on record not being the same on both sides in the last as in the two first causes, several sets of papers throughout were proper if not necessary; one in the name of Messrs. Hawley & Sill, and the other in that of Mr. Hudson. Although by arrangement the firm of Barker, Hawley & Sill conducted all three of the motions in their own office, where the writing was done, they were bound to give notices in the names of the attorneys on record, who are also better qualified to speak by affidavit to various matters in their own causes. The material facts were also different, and very properly proved by different deponents. The taxing officer was, therefore, authorized to allow two sets of papers for the motions, but not three. In two out of the three causes the attorneys for both parties were the same; all the facts material to the motions were the same, and were proved by the same deponent. Where this is so the presumption is against the necessity of going through with the same details at full length for such motions in each cause. The case appears to present the precise conjuncture of circumstances which occurred in *Jackson, ex dem. Ten Eyck and wife* v. *Clark*, 4 Cowen, 532, wherein this court said that hereafter only one set of papers would be allowed. Something like the same reason applies to the affidavits of the attendance of witnesses. Being the same in each of the two causes, for the same time, and their attendance proved by the same deponent, two affidavits do not appear affirmatively to have been necessary. *Prima facie*, however, each cause is to proceed by itself, on its own independent papers. Even in the case cited, the court did not declare the charges illegal nor idle, but merely gave prospective directions for taxation applicable to precisely similar cases. The directions were in

nature of a new general rule of practice, and were declared to be so.

We think that rule should not be extended by the taxing officer to other papers in different causes, without further directions ; but the case cited was intended as a general direction to him for the taxation of costs where there are precisely concurrent motions made for judgment as in case of nonsuit. He was wrong, therefore, in supposing that the rule is not to be applied unless the court give direction at the time of each motion as it arises. Since *Jackson* v. *Clark*, he should regard the multiplication of papers, in the class of motions there spoken of, as *prima facie* unnecessary. In other cases the presumption is reversed, and generally stands until it appears that in truth but one set of papers was prepared and used in several causes. *Jackson, ex dem. Finch,* v. *Hoagland,* 1 Wendell, 69.

It is objected that the attendance of witnesses, in two of the causes, was not duly proved by the affidavit of Fulton, a third person ; but the affidavit neither of the attorney nor party is essential. Attendance of the witnesses alone is *prima facie* sufficient. Their materiality need not be shown in the first instance, nor till the opposite side shall have raised a suspicion that they were subpœnaed or otherwise called in for the mere purpose of swelling the bill. 2 R. S. 544, 2d ed. § 7. *De Benneville* v. *De Benneville*, 1 Bin. 46 ; 3 Yeates, 558, S. C.

When it appears that witnesses attend or professional services are performed in the course of a cause, the law calls upon the taxing officer to presume that these things were done in good faith till the contrary be shown ; and such presumption should prevail till he sees a case wherein counsel plainly ought not to advise the expense, or one where it was obviously unnecessary. These and the like are things upon which he may pass judicially according to the circumstances ; and when the expense incurred, either in itself or its amount, is so palpably unnecessary as to warrant his belief that it was for the sake of costs, and not for the purpose of furthering the cause of the client, then, but not till then he is to overrule it as a simulated item.

There was no foundation laid for confining the fees for subpœnas, tickets and attendance of witnesses to a single cause. These items having their foundation in actual performance and attendance were plainly proper. *Jackson, ex dem. Finch,* v. *Hoagland,* 1 Wendell, 69. Had not the witnesses been subpœnaed in all the causes, the trial of two would have released them from farther attendance on the third ; and so as to two had they been summoned in but one. They were entitled to fees in each cause, not only for going and returning but for actual attendance. Their appearance or continuance in respect to any one cause could not have been coerced short of an actual tender of fees in that; and it is many times the height of imprudence to rely on attendance in one cause as sufficient for another. You cannot compel a witness to testify in a civil cause till he has been actually served with a subpœna, even though he be present and called in open court, *Bowles* v. *Johnson,* 1 W. Black. 36 ; though it would be otherwise in a proceeding by indictment. *Rex* v. *Sadler,* 4 Carr. & Payne, 218. *Rex* v. *Cooke,* 1 id. 321.

Applying to these bills the general principles of taxation, and the cases which have been decided upon them, I think the taxation must stand affirmed throughout, except as to one set of papers in the motions for judgment as in case of nonsuit. This must be deducted from the bill either in Fulton's or Reckle's cause.