## HINMAN and others vs. BOOTH.

Where in a *joint action* of ejectment by *five plaintiffs*, who claim the *whole* of the premises in question, *three* succeed and recover judgment for one fourth of the premises, and *two* fail in maintaining their action, the parties succeeding are entitled to a full bill of costs, deducting such charges as exclusively relate to the two plaintiffs who have been defeated.

So on the other hand, the defendant is entitled to a full bill of costs against the failing plaintiffs, deducting such portions of the costs of the defence as relate exclusively to the prevailing plaintiffs.

The two failing plaintiffs are *jointly* liable for the whole costs which the defendant is entitled to recover, although one abandons the prosecution sooner than the other.

CROSS-MOTIONS for retaxation of costs, in ejectment. On the trial the jury found a verdict for the plaintiffs, Guy, George T. and Mary *Hinman*, for an undivided *quarter* of the premises, for the plaintiff *Catlin* for an undivided *half* of the premises, and as to the plaintiff *Beardslee*, who claimed the remaining *quarter*, the jury found a verdict for the defendant. The defendant made a case for the purpose of setting aside the verdict both as to the *Hinmans* and *Catlin*. On argument of the case, the court held that the Hinmans had made a good title to one quarter, but that the verdict in favor of the plaintiff Catlin was wrong, and they ordered a new trial, costs to abide the event, unless the plaintiffs should consent to amend the verdict so that it would stand in favor of the Hinmans for one quarter of the premises, and as to the residue for the defendant. The plaintiffs elected so to amend the verdict. Each party taxed costs against the other, and each appealed from the taxation.

*A. Taber*, for the plaintiffs.

*M. T. Reynolds*, for the defendant.

*By the Court*, BRONSON, J. The Hinmans are entitled to judgment against the defendant on the verdict in their favor, and will recover costs as a matter of course. Their right has been contested throughout, and there is no practical rule, consistent with the statute, but to allow them such costs as they would have recovered if they had sued alone, without joining with the two plaintiffs who failed in the action. All charges which relate exclusively to the claim of the two plaintiffs who have been defeated must be rejected. If, for example, the declaration contained separate counts upon their title, charges for those counts, whether in the declaration, circuit roll or judgment record, must not be taxed against the defendant; and if witnesses attended or other expenses were incurred with exclusive reference to their claim, those expenses must be rejected. In other respects the plaintiffs who succeeded are entitled to a full bill of costs against the defendant.

The defendant is entitled to judgment against the plaintiffs, Catlin and Beardslee, in pursuance of the verdict, with costs. *Maybury* v. *Evans*, 19 *Wendell*, 625. The costs should, I think, be taxed on the same principle, substantially, as that already mentioned. The defendant is entitled to such costs as he would have recovered if the two plaintiffs who failed had sued alone. If any expenses were incurred in defending against the Hinmans exclusively, those expenses should not be allowed. In other respects the defendant is entitled to a full bill. We are not at liberty to say he shall recover less. 2 *R. S.* 615, § 16. *Canfield* v. *Gaylord*, 12 *Wendell*, 236. There will, however, be but one judgment record, and if that is made up by the plaintiffs who prevailed, the defendant will not be entitled to charge any thing on that account.

Although the defendant failed in his motion for a new trial so far as the Hinmans are concerned, he prevailed in relation to the

plaintiff Catlin, and is consequently entitled to charge for making the case and the subsequent proceedings upon it.

It was insisted, that as the verdict passed against the plaintiff Beardslee, at the circuit, and he proceeded no further with his claim, he should not be subjected to the costs of the motion for a new trial. But he must, I think, abide the fate of the plaintiff Catlin. The defendant is not entitled to several judgments against Beardslee and Catlin, but to one judgment against both, on which there will of course be but one taxation of costs. They both united in the assertion of claims to the property which proved not to be well founded, and they must settle between themselves the portion of the taxed bill which each ought to pay. There must be a retaxation upon the principles I have mentioned.

Ordered accordingly.