## SUPREME COURT.

LYMAN ˙KNOWLTON, *et al*, agt. CALEB M. PIERCE, *et al*.

Where several plaintiffs unite in bringing an action against the defendant to recover damages which accrued to them severally, and on the trial the defendant succeeds and has a verdict against *four* of the plaintiffs—the remainder of the plaintiffs recovering against the defendant—and the defendant enters judgment for costs against *two* only of the plaintiffs against whom he obtained verdict, the defendant is entitled to *costs* against the four plaintiffs.

If the two plaintiffs against whom costs are inserted in the record of judgment, desire to compel the defendant to enter judgment against all the plaintiffs against whom the verdict was rendered, they must apply to the court for that relief. They cannot, on motion, set aside the judgment for irregularity on that ground.

*Fourth Judicial Department, General Term, March,* 1871.
*Before* MULLIN, *P. J.,* JOHNSON *and* TALCOTT, *JJ.*
APPEAL from an order of special term.

Mr. WOODBURY, *for plaintiffs.*

*By the court,* MULLIN, P. J.—The plaintiffs, sixteen in number, supplied milk to a cheese factory in Cattaraugus county, and each received of the proceeds of the cheese in proportion to the quantity of milk furnished.

The defendant, Pierce was appointed agent to sell the cheese subject to the approval of the defendants, Allen and Rice.

The plaintiffs brought this action against Pierce, to recover damages for the negligence of said Pierce, in selling said cheese, whereby the plaintiffs lost $1,000.

The defense was a general denial, and a defect of parties plaintiff and defendant.

On the trial, the defendant proved that two of the plain-

tiffs, Rice and Strickland, had released him from liability to them for the damages sought to be recovered in said action, and that the plaintiffs, Knowlton and Jolles had assented to the sale by the defendant.

The answer did not set up either of said matters in defense, but the court permitted an amendment so as to allow proof thereof to be given.

The court instructed the jury, that such of the plaintiffs as had assented to the sale by defendant, could not recover, and the jury found a verdict in favor of all the plaintiffs, except the four above named, and in favor of the defendant against said four plaintiffs.

The defendant presented to the clerk of Cattaraugus county, a bill of costs in favor of defendant against said four plaintiffs, and the same adjusted by him, and the amount thereof inserted in the judgment against Knowlton and Jolles, only.

A motion was made at the Erie special term in December last, to set aside the adjustment of costs against said Knowlton and Jolles, and to set aside the judgment for costs against them, on the ground that defendant was not entitled to recover costs against a part only of the plaintiffs, and because of the irregularity in entering judgment against two of the plaintiffs only when the verdict was against four.

The motion so made was denied, without costs, and from that order the plaintiffs, Knowlton and Jolles appeal.

Under the former practice, the plaintiffs were nonsuited if part of them only established a cause of action.

The Code has altered the practice in this respect, and provides (§ 274,) that judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants.

It follows, that the verdict and the judgment if one has been entered in favor of the defendant, against part of the plaintiffs, was regular.

In the absence of any statutory provision forbidding a

recovery of costs against the plaintiffs who fail to establish a right of recovery, it is right and just that the defendant should have costs against those of the plaintiffs whom he defeats.

In this case, the defendant was put to the expense and trouble of procuring witnesses to resist a recovery by the four plaintiffs who had either assented to the sale claimed to be unauthorized and improper, and who had actually released him from liability for the wrong done, if any.

If this is not the law, it must necessarily follow, that a plaintiff who has a cause of action in his own individual right, and against which the defendant has no defense, may unite with him any number of persons as plaintiffs and thus compel the defendant to defend the action against persons who have no ground of recovery against him, and yet, he would be deprived of his costs, because one of the number established on the trial a cause of action against him.

This case furnishes a very striking illustration of the propriety of allowing the defendant costs.

While the plaintiffs were obliged to join in bringing the action, the damages accrued to them severally, and if any of them had been paid or had released the cause of action, this recovery must be limited to the amount of damages sustained by those who had not been paid, or who had not released. As to each of the last mentioned persons, the action was in its nature several, and a defense against the plaintiffs severally, was admissable.

The entry of costs in the record in favor of defendant, was right, and the order in that respect, must be affirmed.

The plaintiffs, Knowlton & Jolles do not ask to compel the defendant to correct the record of judgment by making it a judgment against the four plaintiffs, against whom the verdict was rendered, but he asks to set aside the judgment for costs in favor of the defendant, because of the irregularity in the entry of the judgment. In other words, they insist they are to be relieved from costs, because of the irregu

Knowlton agt. Pierce.

larity.   Such is not the result of the error if it is one.   And whether it is or is not, is not before us.   If the plaintiffs desire to compel the defendant to enter judgment against all of the plaintiffs against whom the verdict was rendered, they must apply to the court for that relief.

The order appealed from, must be affirmed, with $10 costs, but with leave to plaintiffs to move to compel the defendant to enter judgment in accordance with the verdict of the jnry.