FRANK PARKER, JR., Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Queens Special Term, March, 1924.

**Costs — motions by defendant for retaxation granted in five separate actions in Supreme Court in which same jury returned verdict for plaintiff for total amount less than fifty dollars — witness fees granted in each case — Civil Practice Act, §§ 1470–1475, construed.**

When a plaintiff is denied costs by reason of section 1472 of the Civil Practice Act because his recovery is less than fifty dollars, the fact that he is also denied costs by reason of the provisions of section 1474 relating to jurisdiction of other courts in which he might have brought his action does not prevent the defendant from becoming entitled to costs by virtue of the first portion of section 1475.

Accordingly, motions by the defendant for the retaxation of costs in five separate actions in the Supreme Court should be granted, where it appears that the actions are separate and distinct from each other; that they have all been tried at the same time before the same jury; and that a verdict in favor of the plaintiff in the four actions for a total amount less than fifty dollars has been rendered.

The defendant is entitled also to witness fees in each case, since it appears from the affidavits that each witness was subpœnaed in each case.

MOTION by defendant for retaxation of costs.

*Elmer J. Ashmead,* for plaintiff.

*George P. Nicholson,* corporation counsel (*Roland H. Reid,* of counsel), for defendant.

CARSWELL, J. This is a motion by defendant for an order directing the clerk to retax costs herein and allow the defendant a full bill of costs, including costs before notice of trial, costs after notice of trial, trial fees, term fees and witness fees. A similar motion is made in each of four other actions. These actions were all tried at the same time before the same jury. The jury returned a verdict in favor of the plaintiff in four of the cases in the sum of six cents and in the fifth case for thirty dollars.

The defendant asserts it is entitled to five full bills of costs. The plaintiff asserts (1) that the defendant is entitled to no costs; (2) that if it is entitled to costs in one action, it is not entitled to a duplication of the items in each of the actions, because there were no separate trials in each action. These contentions chiefly concern section 1475 of the Civil Practice Act, which reads: " Defendant's costs of course. The defendant is entitled to costs of course upon the rendering of final judgment in an action specified in sections fourteen hundred and seventy to fourteen hundred and seventy-three, unless the plaintiff is entitled to costs as therein prescribed; *but the fact that in any action a plaintiff is not entitled to costs by reason of having brought the action in a court of jurisdiction higher than that in which it might have been brought shall not entitle the defendant to costs.*"

The plaintiff relies upon the language italicized above as denying to the defendant the right to tax costs herein and the defendant relies upon the language not italicized as entitling the defendant to tax costs where the plaintiff is denied costs under section 1472 of the Civil Practice Act, because of not having recovered a verdict of fifty dollars or more.

The history of the legislative enactment of sections 1470 to 1475 of the Civil Practice Act, and the corresponding language in predecessor enactments and the cases thereunder furnish the answer to the controversy herein. In Carmody's New York Practice, section 25 and footnote 52 (supplemented in section 1076 *et seq.*),

is given an accurate exposition of the legislative action respecting these sections and of the legislative intention effected by them. To paraphrase that analysis herein would be supererogatory. An independent examination establishes the accuracy of that analysis. The effect of the legislative enactments and of the decisions had under corresponding language in previous enactments, as Mr. Carmody demonstrates, is (1) that when a plaintiff is denied costs by reason of section 1472 of the Civil Practice Act because his recovery is less than fifty dollars the fact that a plaintiff is also denied costs by reason of the provisions of section 1474 relating to jurisdiction of other courts in which he might have brought his action does not prevent the defendant becoming entitled to costs by virtue of the first portion of section 1475; (2) if a plaintiff is not denied costs by virtue of section 1472 because his recovery is fifty dollars or more, but is denied costs because of the provisions of section 1474 in that he has failed to bring his action in the appropriate court as indicated by that section, then the defendant is denied costs because of the language of the latter portion of section 1475 of the Civil Practice Act. In other words, the latter portion of section 1475 by its language is confined in its application to section 1474. However, if costs are denied to a plaintiff by virtue of section 1472, the first part of section 1475 has application and awards costs to the defendant. The cases under consideration being controlled by section 1472 and the first part of section 1475, defendant is entitled to costs.

Each of the actions involved in these motions is separate and distinct from the other and they have not been consolidated. The fact that no separate trial was had and all of them were decided by the one jury does not furnish any basis for denying a full bill of costs in each case to the party entitled to costs. This likewise would be true if the several plaintiffs were entitled to costs. They having no privity with each other would be entitled to the full benefit of the decision of their separate issues, even though disposed of by the same jury. But there can be a taxation of the witness fees only in the cases in which they were actually disbursed, and if there was but one disbursement the taxation of that item would be limited to one case. The affidavits, however, are that each witness was subpœnaed in each case. There being nothing to offset those affidavits the witness fees are taxable in each case as sworn to. *Taaks* v. *Schmidt*, 25 How. Pr. 340; *Vence* v. *Speir*, 18 id. 168; *Willink* v. *Reckle*, 19 Wend. 82. Accordingly, the defendant's motions are granted in all respects in all the cases. Submit orders accordingly.

Ordered accordingly.