LESLIE R. HOFFMAN, Plaintiff, v. ADRIAN J. GROBSMITH and Others, Defendants.

VINCENT F. HOFFMAN, an Infant, etc., Plaintiff, v. ADRIAN J. GROBSMITH and Others, Defendants.

Supreme Court, Oneida County, March, 1927.

Costs — taxation — three actions for negligence simultaneously brought to recover money damages and tried together before jury at direction of court — each plaintiff, having recovered sufficient money judgment, is entitled to full bill of costs and trial fee of thirty dollars under Civil Practice Act, § 1470, subd. 11, and § 1504, subd. 3, par. j.

In actions for negligence, simultaneously brought against the defendants herein to recover money damages arising out of an automobile collision, all three of which were tried together before a jury at the direction of the trial court, each plaintiff, having recovered a sufficient money judgment, is entitled to a full bill of costs, under subdivision 11 of section 1470 of the Civil Practice Act. Furthermore, since each of the actions remains for all purposes a separate and

distinct action requiring the entry of a separate and distinct judgment, each plaintiff, pursuant to paragraph j of subdivision 3 of section 1504 of the Civil Practice Act, is entitled to a trial fee of thirty dollars.

MOTIONS to retax costs.

*Hart, Senior & Nichols,* for the plaintiffs.

*John C. Boland* and *Percy W. Mellor* [*Edward L. Smith* of counsel], for the defendants.

WILLIAM F. DOWLING, J.   The above actions were simultaneously brought against the above defendants to recover damages arising out of an automobile collision wherein the plaintiffs suffered both property damages and personal injuries. There was no privity between the plaintiffs in said causes. The actions were duly placed upon the calendar of a Trial Term held at Utica in January, 1927. By direction of the trial justice the said three cases were tried together before a jury. (The cases were not consolidated.) The jury awarded each plaintiff substantial damages. If the cases had been tried before separate juries, each of the plaintiffs would have been entitled, upon the entry of judgment, to a full bill of costs including the item of thirty dollars for a trial fee.

Plaintiffs prepared separate judgments and separate full bills of costs in each case, and appeared before the clerk for the taxation of costs and entry of judgments. Full costs in each case were taxed by the clerk.

On the date set for retaxation the defendants appeared and objected to the plaintiffs in each case being allowed a thirty-dollar trial fee upon the ground that there had been but one trial and, therefore, only one trial fee could be taxed. The clerk sustained the objection, retaxed the costs allowing a thirty-dollar trial fee in the case of Leslie R. Hoffman, but disallowing it in the other two cases.

Plaintiffs Elmer F. Hoffman and Vincent F. Hoffman thereupon moved for an order directing the clerk to retax the costs in their respective cases and allow each of them a full bill of costs including a thirty-dollar trial fee.

The above actions were brought to recover judgment for a sum of money only; therefore, each of the plaintiffs, upon sustaining a sufficient recovery (as each did here), became entitled to costs, of course. (Civ. Prac. Act, § 1470, subd. 11.) Section 1504, subdivision 3, paragraph j, of the Civil Practice Act provides that for the trial of an issue of fact the successful party is entitled to a trial fee of thirty dollars.

Some of the evidence was common to all the actions, but there

were distinct issues in each case requiring proof entirely unrelated to the other actions. In order to expedite the work of the court, and in the interests of economy, the cases were ordered tried together. This practice has become so widespread and has proven itself so beneficial to litigants, and to the administration of justice, that the bar no longer questions its wisdom or the power of the courts to order cases like the above to be tried together. Under such circumstances, it would be both unjust and unwise to deny successful parties their full costs, including trial fee of thirty dollars in each case. The cases do not lose their identity by being tried together. They remain, for all purposes, separate and distinct cases, requiring the entry of separate and distinct judgments. By being tried together, they do not become consolidated or merged into one case. They are to be treated no differently than f three entirely unrelated cases, by consent of the parties, were tried separately before one jury who did not deliberate on their verdicts until all three cases had been submitted to them. Could there be any question, under such circumstances, but what the successful party in each of said cases would be entitled to full costs, including the thirty-dollar trial fee?

We are not without judicial precedent for allowing full costs, including separate trial fees, where cases, like those in question, are tried together. (Milliman Law of Costs, § 324, subd. b; *Clark v. MacDonald,* 62 Hun, 149, 153; *Hinman v. Booth,* 20 Wend. 666; *Parker v. City of New York,* 122 Misc. 660.)

In the *Parker Case (supra)* five actions were tried together before one jury. The court said (at p. 662): " Each of the actions involved in these motions is separate and distinct from the other and they have not been consolidated. The fact that no separate trial was had and all of them were decided by the one jury does not furnish any basis for denying a full bill of costs in each case to the party entitled to costs. This likewise would be true if the several plaintiffs were entitled to costs. They having no privity with each other would be entitled to the full benefit of the decision of their separate issues, even though disposed of by the same jury. But there can be a taxation of the witness fees only in the cases in which they were actually disbursed, and if there was but one disbursement the taxation of that item would be limited to one case."

I, therefore, hold that each of the plaintiffs in the instant cases is entitled to a full bill of costs including the item of thirty dollars trial fee. Accordingly, the plaintiffs' motions to retax in the cases of Elmer F. Hoffman and Vincent F. Hoffman are granted in all respects, without costs. Submit orders accordingly.