M. SALIMOFF & COMPANY et al., Appellants, *v.* STANDARD OIL COMPANY OF NEW YORK, Respondent.

(Argued April 25, 1932; decided June 1, 1932.)

*J. Alvin Van Bergh* and *Eugene Eisenmann* for appellants. Only one bill of costs is taxable against co-plaintiffs, and hence only one bond is required. (*Hinman v. Booth*, 20 Wend. 666; *Carpenter* v. *Nixon*, 5 Hill, 260; *Knowlton* v. *Pierce*, 41 How. Pr. 361; *Karrick* v. *Edes*, 19 Fed. Rep. [2d] 693.) Joinders pursuant to section 209 of the Civil Practice Act are not an exception to the general rule that but a single security for costs is required

of non-residènt plaintiffs. (*Akely* v. *Kinnicutt*, 238 N. Y. 466.) The policy of the Civil Practice Act is clearly to prevent multiplication of costs. (*Woodworth* v. *Brooklyn Elevated Ry. Co.*, 22 App. Div. 501; *Brown* v. *Kinnicutt*, 2 Fed. Rep. [2d] 263; *Miranda* v. *Witte*, 127 Misc. Rep. 669; *Hull* v. *Shannon*, 139 Misc. Rep. 564; *Hilimire* v. *Fitzgerald Bros. Const. Co.*, 139 Misc. Rep. 110; *Pankau* v. *Cosar*, 139 Misc. Rep. 177.) The fact that the decree will direct payment to the individual plaintiffs in the amounts to which they may be individually entitled does not bring the joinder under section 209. (*White's Bank of Buffalo* v. *Farthing*, 101 N. Y. 344; *Brinkerhoff* v. *Brown*, 6 Johns. Ch. 139; *Carpenter* v. *Nixon*, 5 Hill, 260; *Garner* v. *Harmony Mills*, 6 Abb. N. C. 212.)

*A. Donald MacKinnon* and *William Dean Embree* for respondent. Each of the plaintiffs was properly required to furnish security for costs pursuant to the provisions of sections 1522 and 1524 of the Civil Practice Act. (*Markt & Co.* v. *Knight Steamship Co.*, [1910] 2 K. B. 1021; *Akely* v. *Kinnicutt*, 208 App. Div. 491; *Matter of Rouss*, 221 N. Y. 81.)

CRANE, J. This is an application for security for costs in an action where there are eighteen non-resident plaintiffs. The courts below have required eighteen bonds to be given and have stayed the action until all were furnished. *Akely* v. *Kinnicutt* (208 App. Div. 491) is the authority for this ruling, although the court below was not unanimous. The Appellate Division granted leave to appeal, certifying the following questions:

" 1. Is it sufficient for the plaintiffs herein to give one undertaking in the sum of $250 or to deposit $250 to secure costs which may be awarded against any or all of the plaintiffs herein?

" 2. Is it necessary for each of the plaintiffs herein to give separate undertakings in the sum of $250 or for

each to deposit $250, to secure costs which may be awarded against each of the plaintiffs individually herein?

" 3. Does the Civil Practice Act require the court to stay all of the plaintiffs herein, unless each of the plaintiffs give separate undertakings in the sum of $250 or unless each plaintiff deposit the sum of $250 to secure costs which may be awarded against each of the plaintiffs individually herein?

" 4. Should the order herein have been granted? "

We answer the first question in the affirmative and the second, third and fourth questions in the negative.

Section 1522 of the Civil Practice Act (Subd. 8) provides that if there are two or more plaintiffs the defendant cannot require security for costs to be given unless he is entitled to require it of all the plaintiffs. In this case, therefore, if one of the plaintiffs had resided within the State of New York and the seventeen others were non-residents, the defendant could not have required security for costs. The inconvenience and difficulty, therefore, of preparing a case against non-residents, which is one of the arguments used by the defendant for the reasonableness of requiring security from each plaintiff, cannot be considered, as the statute refuses the defendant security for costs where only one plaintiff resides in the State, and there are any number of other non-resident plaintiffs. We must take these statutes as we find them, especially when dealing with the subject of costs, which is entirely statutory. This provision of section 1522 has not been affected by the amendment of section 209 of the Civil Practice Act, for the simple reason that the Legislature has made no amendments to the cost provisions in reference to this matter.

Article 85 of the Civil Practice Act provides for the allowance of costs to the plaintiff or to the defendant in the cases specified in the sections. Section 1470 specifies when the plaintiff is entitled to costs of course, section 1475 when the defendant is to have costs, and sections

1476 and 1477 state when costs shall be discretionary. See, also, section 1483 regarding costs when the recovery is by both the plaintiff and the defendant on separate issues.

There is no provision that I can find in the Civil Practice Act which would permit these eighteen plaintiffs, if they win, to have eighteen bills of costs against the defendant, or, if the defendant should win, would give it eighteen bills of costs against the plaintiffs. Prior to section 209, only a single bill of costs was assessed against unsuccessful co-plaintiffs, whether their causes of action were joint or several. (*Hinman* v. *Booth*, 20 Wend. 666; *Carpenter* v. *Nixon*, 5 Hill, 260; *Knowlton* v. *Pierce*, 41 How. Pr. 361.)

The defendant and the courts below have approached this action as if there were to be eighteen separate trials of the issues. Section 209 was adopted for the very purpose of avoiding such unnecessary litigation and expense. To facilitate litigants and the courts, all persons whose claims involve any common question of law and of fact may be joined as plaintiffs in the one action. Thus, there will be but one trial, and the main issue of fact, the liability, settled in the one law suit. True, after the cause of action has been established in favor of the plaintiffs against the defendant, there may be separate elements of damage for each plaintiff, but this frequently happens in foreclosure actions, mechanic lien cases and equity cases generally. The practice is not unfamiliar to the courts. The very purpose sought to be accomplished by section 209 would be somewhat frustrated if by consolidation into one action, costs were allowed on the basis of separate actions.

As the successful plaintiffs can recover but one bill of costs, and the defendant but one bill of costs against the unsuccessful plaintiffs, security should be required, under section 1522, in the sum of $250 from the non-resident plaintiffs, and no more.

Another reason for our answers to these questions lies in

the fact that the plaintiffs have been properly united as parties to the action without the assistance of section 209 of the Civil Practice Act. They have a joint interest, which makes them proper parties, and would have justified their joint complaint prior to the enactment of this section. They allege that their oil lands in Russia were confiscated by the Russian government and all distinguishing lines of title obliterated. Thereafter, it is said, the government commingled the extracted oil, sold it to the defendant, which knew that the oil had been wrongfully taken and misapplied. If these facts be true, it is appropriate, if not necessary, that these owners should join in one action to have their various quantities allocated to each of them.

With this expression of our views, the order of the Appellate Division and that of the Special Term should be reversed, with costs in all courts, and the motion requiring each plaintiff to furnish security for costs denied, with ten dollars costs of motion, and the questions certified answered as heretofore indicated.

POUND, Ch. J., LEHMAN, KELLOGG and O'BRIEN, JJ., concur; HUBBS and CROUCH, JJ., not sitting.

Ordered accordingly.