MARTIN HAMELIK, Plaintiff, *v.* STEVE SYPEK, Defendant.
(Case No. 41.)

LEO SYPEK, Plaintiff, *v.* MARTIN HAMELIK, Defendant.
(Case No. 42.)

County Court, Oneida County, September 21, 1934.

*M. S. Ogonowski,* for Martin Hamelik.

*Hart, Senior & Nichols* [*Ellis P. Collins* of counsel], for Steve Sypek and Leo Sypek.

HAZARD, J. The above two cases were tried together at the September term of this court, not by order of the court, but by consent of counsel. They grew out of an automobile accident occurring on June third of this year in which a car driven by Martin Hamelik collided with a car owned by Leo Sypek and driven by his brother, Steve Sypek. Martin Hamelik sued Steve Sypek for injuries to his car and Steve counterclaimed for injuries to his person. Leo Sypek brought an action against Martin Hamelik for damages to his car. As stated, the cases were tried together by consent of counsel. The damages in each case were conceded, and the only question litigated was whether Martin Hamelik or Steve Sypek was solely at fault for the accident. The jury brought

in a verdict in favor of Martin Hamelik for the amount of his damages, as stipulated. As a matter of fact no verdict was actually rendered in case No. 42, that in which Leo Sypek, the owner, was plaintiff, but the court did direct the clerk to enter a verdict of no cause of action. In practical effect case No. 41 was actually tried, Hamelik's counsel opening the case, after which defendant Steve Sypek's counsel opened and thereupon the plaintiff Hamelik gave his evidence after which defendant Steve Sypek's evidence was put in and then Steve's counsel summed up and the final summing up was by the attorney for Martin Hamelik. In practical effect it was as if case No. 41 was tried, with a stipulation that the decision in case No. 42 should depend upon the decision in case No. 41.

A judgment has been entered in case No. 41 for the amount of the verdict, with a full bill of costs including a trial fee, and a judgment has been entered in case No. 42 dismissing the complaint, also with a full bill of costs, including a trial fee. It is with reference to this latter item that this controversy arises, no dispute being made but that the plaintiff is entitled to his disbursements, calendar fee, etc., up to but not including a trial fee, and that is the matter in controversy here.

It seems to be a fact that just such a situation as is outlined here is not provided for in and by the Civil Practice Act. Paragraph j of subdivision 3 of section 1504 of the Civil Practice Act provides for the trial fee of an issue of fact an allowance of thirty dollars, but I assume that item can only be allowed where *actually a trial has occurred*. It seems to me that, as indicated above, really there has been no trial of action No. 42 and that what really did occur was that action No. 41 was tried with an agreement that the decision in No. 42 should abide the outcome of No. 41. While it is true that Leo Sypek was not a party to case No. 41 and Steve Sypek was not a party to case No. 42, as above pointed out, the sole issue in both cases was identically the same and involved a decision of the question of whether Steve Sypek or Martin Hamelik was solely to blame for the accident. When that point was decided upon the trial of case No. 41, that decision carried with it a decision of No. 42 because Leo Sypek could not recover against the plaintiff in case No. 41, if his brother and driver, Steve Sypek, was the one who was solely to blame for the accident; and that point was decided by the verdict upon the trial of case No. 41.

The nearest approach to a Civil Practice Act pronouncement regarding a situation like this that I can find is section 1483 of the Civil Practice Act. There were in these two cases two causes of action claimed by the Sypeks respectively, one in favor of Steve, set up in his counterclaim in action No. 41, for personal injuries, and the

other in favor of Leo, the owner of the car, for damages to that car. It is provided in that section that each party is entitled to costs against the adverse party " unless it is certified that the substantial cause of action was the same upon each issue; in which case, the plaintiff only is entitled to costs." These two cases were not " consolidated " and made into one action, and are not, therefore, squarely within the terms of section 1483; but it is a fact, and this could be treated as a certificate to that effect, " that the substantial cause of action was the same upon each issue."

The case of *Hoffman* v. *Grobsmith* (129 Misc. 91) has been cited as an authority for the objecting party. Upon first view it rather definitely seems to be an authority adverse to him. The case is a recent one and arose in this county, and involved an automobile accident in which it seems that Hoffman and apparently two sons who were injured or who suffered property damage, presumably all being in the same automobile, each brought an action against Grobsmith. The cases were consolidated by order of the court and the plaintiff recovered " substantial damages " in each case. The court held that each of the three plaintiffs was entitled to a trial fee, a ruling which might seem to be controlling here except for this statement appearing in the opinion (p. 92): " Some of the evidence was common to all the actions, but there were distinct issues in each case requiring proof entirely unrelated to the other actions." Nothing of that sort appears in this case, there being no " distinct issues in each case " and no different proof in one action from that required or given in the other. I will admit that I do not see how there could have been distinct issues and different evidence (outside perhaps of damages) in the *Hoffman* case, but we have the statement of the court to the effect quoted above, and it seems to clearly differentiate that case from this one. The court cites as a precedent *Parker* v. *City of New York* (122 Misc. 660). The facts and the situation generally were very different in that case from either the *Hoffman* case or the one at bar, there being rather largely involved therein a consideration of the effect of section 1472 of the Civil Practice Act, but in the discussion the court says (p. 662): " This likewise would be true if the several plaintiffs were entitled to costs. They having no privity with each other would be entitled to the full benefit of the decision of their separate issues, even though disposed of by the same jury." It will be observed that the above-quoted language involves a consideration of " separate issues," and therein that case also is to be differentiated from this one in which there is, as pointed out, but just one issue. It also was considered that the different parties had " no privity with each other." This question of " privity " seems to be con-

sidered an important element in cases of this sort. Judge DOWLING decided in the *Hoffman* case that "there was no privity between the plaintiffs in said causes." It is hard to understand that decision in view of the fact that the three plaintiffs in the three actions were all in the same automobile which collided with the defendant's automobile. Perhaps we do not understand the meaning of the word "privity" alike. In Cyc. (Vol. 32, p. 388) "privies" are defined as "persons connected together, or having mutual interest in the same action or thing, by some relation other than that of actual contract between them; persons who are parties to, or have an interest in, any action or thing, or any relation to another." It would seem to me that *there was* "privity" between the three occupants of one automobile, although they elected to bring three different suits for their several damages; and as here, in this case, it seems to me there is "privity" between Steve Sypek, the driver, and Leo Sypek, the absent owner. The whole and sole issue in the cases was whether Steve operated that car in a negligent manner or whether he did not. If he was negligent, he could not recover on his counterclaim; and his negligence would be "imputed" to the owner, Leo, and prevent Leo's recovery. I am not undertaking to decide whether it should be held to be a privity between the two brothers, but as there was but one issue and one trial, I think the trial fee in case No. 42 should be disallowed and stricken out.

Order may be prepared accordingly.