ADELINE GELFOND, an Infant, by MORRIS GELFOND, Her Guardian ad Litem, Respondent, v. JACOB KIRSCHENBAUM, Appellant. MORRIS GELFOND, Respondent, v. JACOB KIRSCHENBAUM, Appellant. SADIE GELFOND, Respondent, v. JACOB KIRSCHENBAUM, Appellant.—Appeal by the defendant from separate judgments in three separate actions tried together, said judgments having been entered upon verdicts rendered by a jury at a Trial Term of the Supreme Court, Saratoga county; also appeals from orders of said Trial and Special Term denying the motions of plaintiffs to set aside the verdicts and for a new trial; also appeals from orders made at a Special Term of said court, Washington county, denying defendant's motion to disallow certain items of cost. Adeline Gelfond, the infant plaintiff, has recovered a verdict for $5,000. Her mother, the plaintiff Sadie Gelfond, has recovered a verdict for $200, and the father of the infant has also recovered a verdict of $200, the verdicts being for damages sustained by the infant and her mother while passengers in a truck belonging to and being driven by the defendant on the 20th day of December, 1935. The road was thirty feet wide consisting of three strips of concrete. The parties were proceeding southerly about four miles south of Poughkeepsie, there being about two inches of snow and the road being very slippery. The jury could have found that defendant was traveling at a rate of twenty-five to thirty-five miles per hour. While thus proceeding he attempted to " plug in " the defroster on the windshield of his car, the car turned suddenly to the left and collided with a truck standing on the east side of the road, causing the injuries in question. Defendant raises the objection that evidence of insurance was injected into the case; such testimony, however, was not responsive to the question asked by plaintiff's counsel of the witness. Another objection raised is that the verdict of $5,000 in favor of the infant plaintiff is excessive. Both bones at the lower end of the forearm were broken, causing a deformity and permanent limitation of motion, she is unable to grasp firmly or to lift objects of any weight, and because of pain and cramps in her arm there are times when she has to stop writing. She had suffered pain up to the time of the trial and at times it interfered with her sleep. She was fourteen years of age and a student in high school. Plaintiff's medical evidence was not controverted. Appellant's next point is that the court in its charge failed adequately and properly to instruct the

jury, particularly as to contributory negligence. No requests were made to the court for further instruction nor was the attention of the court at the time called to any inadequacy of the charge. Lastly, the appellant objects to the allowance of separate trial costs in the court below. The actions were not consolidated but were tried together as a matter of convenience. The court by order appealed from has allowed such separate costs except that he disallowed disbursements for witness fees except as to one action. Judgments and orders unanimously affirmed, with one bill of costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.