ANNE BROWN, MARY O'CONNELL, ELINOR O'CONNELL, an Infant, etc., AGATHA SWEENEY, FRANCIS O'CONNELL and EDWARD BROWN, Appellants, *v.* MYRTLE COHAN, Respondent.

(Six Separate Actions.)

Third Department, April 27, 1938.

*James M. Noonan*, for the appellants.

*Butler, Kilmer, Hoey & Butler* [*Clarence B. Kilmer* and *Charles L. Hoey* of counsel], for the respondent.

PER CURIAM. The plaintiffs appeal from orders denying retaxation of separate bills of costs in each of six actions brought against the same defendant and arising out of the same set of facts. The actions were not consolidated but were tried together as provided by section 96-a of the Civil Practice Act. Defendant was entitled to tax costs in each action as the jury had returned verdicts of no cause of action. Plaintiffs could have avoided this liability by becoming coplaintiffs in one action. However, that procedure would have required them to forego the right to separate bills of costs in each action wherein there was a recovery. Having chosen to chance the larger recovery of costs incident to the six separate actions, they should not now complain because through adverse verdicts the defendant receives a corresponding benefit. (*Hoffman* v. *Grobsmith*, 129 Misc. 91; affd., 222 App. Div. 793; *Haniford* v. *Safer*, 214 id. 435; *Clark* v. *MacDonald*, 62 Hun, 149; *Parker* v. *City of New York*, 122 Misc. 660.) The Court of Appeals in *Salimoff & Co.* v. *Standard Oil Co.* (259 N. Y. 219) did not have this question under consideration. That appeal involved the number of cost security bonds required from eighteen non-resident coplaintiffs in one action. The dicta in that opinion regarding costs had to do with coplaintiffs in one action rather than with separate actions brought by six plaintiffs.

The orders should be affirmed, with costs in one appeal.

HILL, P. J., RHODES and HEFFERNAN, JJ., concur; BLISS, J., dissents, with an opinion; McNAMEE, J., dissents, and votes to reverse.

BLISS, J. (dissenting). I dissent. Apparently the general issue was the same in each action and the same attorney represented all of the plaintiffs. One of the objects of section 96-a of the Civil Practice Act was the elimination of the unnecessary expense in litigation. It is wholly out of harmony with the spirit and intent of that section to allow this defendant to tax six separate trial fees when there was but one trial. The defendant should be allowed to tax the costs against the individual plaintiffs, for such proceedings as were had in each action separately, but for those steps which were united, such as the trial, and but one such proceed-

ing was had, there should be but one item of costs allowed. The costs allowed should correspond exactly to the actual proceedings had and the defendant should not be allowed to tax duplicate items for single proceedings.

The principles of *Salimoff & Co.* v. *Standard Oil Co.* (259 N. Y. 219) should control here.

Orders affirmed, with costs of one appeal.