ÆTNA LIFE INS. CO. v. CARRILLO.
No. 11969.

Circuit Court of Appeals, Fifth Circuit.
Dec. 11, 1947.

Pinkney Grissom, of Dallas, Tex., for appellant.

R. Guy Carter, of Dallas, Tex., for appellee.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

Appellee, claiming total and permanent disability under a group policy issued by appellant to Swift & Company for the benefit of the employees of the latter, received a verdict and recovered a judgment from which this appeal was taken.

The specifications of error are that the Court erred in rendering judgment for appellee: (1) because of the latter's failure to prove that he had submitted to the Home Office of the appellant satisfactory evidence of his total and permanent disability within the terms of the policy. (2) because he had failed to prove that appellant refused to pay him "upon receipt at the Home Office of the Ætna Life Insurance Company, during the continuance of such insurance on such member, of satisfactory evidence of such disability." (3) because the evidence did not raise the issue for the jury to decide that appellee, before attaining the age of sixty and while insured under the contract, became totally disabled and would presumably thereafter during life be unable to engage in any occupation or employment for wage or profit.

We think that the first two specifications of error cannot be successfully urged here because of the admissions in open Court by Mr. Grissom, counsel for appellant, to Mr. Carter, counsel for appellee, as follows (R. 34):

"Mr. Carter: Mr. Grissom, do you have the proof of loss?

"Mr. Grissom: We admit that the proof was properly made, we do not admit the correctness of the proof, but we admit that he attempted to comply."

It does not appear that any objection was made by the company to appellee because of insufficiency in the form of the proof, and it further appears that the company denied any liability to appellee under the policy.

We think, with counsel for appellant, that the verdict is contrary to what to us appears to be the weight of the evidence, but "It is not necessary, in order to uphold a jury's verdict, that this Court concur in every fact found by the jury but merely that it determine that a jury question was involved and that there was competent and substantial evidence to support the jury's verdict." Crews v. United States, 5 Cir., 160 F.2d 746, 750.

We think that there was such evidence to support the jury's verdict here, and that the trial was without reversible error.

The judgment is affirmed.