194 F.2d 588
 CANNERS EXCHANGE SUBSCRIBERS AT WARNERS INTER-INSURANCE BUREAU
v.
NORTH AMERICAN CANNING CO. (two cases).
WARNER RECIPROCAL INSURERS
v.
NORTH AMERICAN CANNING CO.
 No. 13508-13510.
 United States Court of Appeals Fifth Circuit.
 March 4, 1952.
Rehearings Denied April 29, 1952.
 
 James A. Dixon, Miami, Fla., for appellants.
 Chas. A. Morehead, Clarence J. Brown, Jr., Miami, Fla., for appellee.
 Before HUTCHESON, Chief Judge, and HOLMES and STRUM, Circuit Judges.
 HOLMES, Circuit Judge.
 
 
 1
 The North American Canning Company brought three suits, which were consolidated for trial and on appeal. One suit was on a fire insurance policy covering the machinery in appellee's canning plant; the other two were on two concurrent fire insurance policies, both of which covered the canned goods and supplies, stored in a warehouse that was part of appellee's plant. The consolidated cases were tried before a jury, which returned a verdict for the appellee.
 
 
 2
 The machinery, canned goods, and supplies covered by the policies, were almost completely destroyed by fire on October 27, 1947. Sworn proofs of loss were filed by the appellee for amounts which were paid in part and payment refused as to the balance. Appellee brought suits for the unpaid amounts; and the appellants filed counterclaims for the amounts previously paid, alleging that the policies had become void. Each of the three policies contained a clause invalidating the policy if there was false swearing with regard to the loss, and this clause is the basis of the appellants' defense and counterclaims. Appellants alleged that the appellee's president had knowingly overstated the value of the machinery, and the quantity and valuation of the canned goods and supplies, in the proof of loss filed by him.
 
 
 3
 The policies covering merchandise were written on a monthly reporting plan, under which the amount insured each month was determined by monthly reports made by the insured as to the quantity and value of merchandise on hand at the end of each month. Appellants based their allegation of false swearing, as to the quantity and value of the merchandise and supplies, on allegedly unexplainable discrepancies between the proof of loss and appellee's monthly report of August 31, 1947, its income-tax return of July 31, 1947, and the records of merchandise covered by bonded warehouse receipts. The allegation of discrepancies was predicated mainly upon a claim that the records of the bonded warehouse company were incorrect. The allegation of false swearing as to the value of the machinery was based on a discrepancy between appellee's income-tax return of July 31, 1947, and appellee's proof of loss, in which the value was stated to be more than had been reported in the tax return.
 
 
 4
 Included in the appellee's evidence, introduced in support of its claim of the correctness of the proof of loss, was testimony by the custodian, the field auditor, and the vice-president of the bonded warehouse company; testimony by two government inspectors that they had counted the merchandise sold to and being held for the government at the time of the fire; and testimony by a certified public accountant who had assisted in preparation of the proof of loss. With reference to the machinery, appellee introduced testimony to the effect that the July 31, 1947, income-tax return reported the cost of the machinery and not the current value or market price; that the current value was far above the cost, since appellee had purchased the machinery at a bargain. Testimony was introduced to prove the current or market price of the machinery to be as much as, or more than, the amount stated in the proof of loss.
 
 
 5
 We think there was sufficient substantial evidence from which the jury was warranted in finding that the appellee had truthfully stated the value in the proof of loss filed with the insurers. This was the conclusion arrived at by the jury, and we think it was necessarily implicit in the jury's verdict that the appellee had not knowingly overstated the value of the destroyed machinery, canned goods, or supplies. Also it was implicit in the jury's verdict that the appellee was not guilty of false swearing. Crews v. United States, 5 Cir., 160 F.2d 746, 750; Aetna Life Ins. Co. v. Carrillo, 5 Cir., 164 F.2d 883; Bayshore Development Co. v. Bonfoey, 75 Fla. 455, 78 So. 507, 508, L.R.A. 1918D, 889.
 
 
 6
 In regard to a claim made by the appellants that the canned tomato puree, for which appellee claimed a loss, had no value, since it had been condemned for human consumption and prohibited from sale in Florida and in interstate commerce, the appellee contended, and offered proof to the effect, that it had initiated plans prior to the fire to use the puree in the preparation of commercial dog food, and that it did have a value in that respect. As on the other issues, we think that the jury fairly and reasonably could have concluded from the evidence that the value of the puree had been correctly stated.
 
 
 7
 The court charged the jury that, in order to avoid liability 'on the ground of fraud and misrepresentation,' the defendant must show that such fraud and misrepresentation was relied on by it; the appellants contend that this charge was error in that the jury might not have differentiated between 'false swearing' and 'fraud and misrepresentation,' and thus the charge was confusing in effect. Assuming that such a charge if given alone without any explanatory charge containing the specific words 'false swearing,' would be erroneous because confusing to the jury, we do not find that to be the case in this instance. The court, in addition to specific charges on fraud, concealment, and misrepresentation by the insured, specifically charged the jury on the issue of false swearing, in an instruction requested by the appellants, as follows: 'Another affirmative defense is that the policy shall be void if before or after a loss the plaintiff has been guilty of false swearing relating thereto. The wording and particular language of that defense is that this entire policy shall be void if before or after a loss there has been any false swearing by the insured relating thereto. This is not the exact wording of the policy but that in effect is what is provided therein. A finding for the defendants on this issue bars recovery by plaintiff.'
 
 
 8
 We find no error in the court's instructions to the jury, and think the court was correct in denying the appellants' motions for a directed verdict, a new trial, and judgment notwithstanding the verdict. Insurance Companies v. Weides, 14 Wall. 375, 382, 81 U.S. 375, 382, 20 L.Ed. 894; Globe & Rutgers Fire Ins. Co. v. Stallard, 4 Cir., 68 F.2d 237, 241; United States Fire Ins. Co. v. Dickerson, 82 Fla. 442, 90 So. 613, 617.
 
 
 9
 Another specification relied upon by the appellants is that the trial court erred in denying their motion to review the clerk's taxation of costs. We are of the opinion that the order taxing costs was within the discretion of the court, and that it contains no reversible error. These three cases remained separate until they were consolidated for trial. Prior to that time each case had to be prepared as if it would be tried separately. Separate verdicts and separate judgments were rendered in each case. Insured's counsel filed an affidavit that he had knowledge of the facts relative to the cost bill, and that each item thereon was correct. The truthfulness of this affidavit has not been denied. When separate actions on separate and distinct causes of action are consolidated for trial and separate judgments entered in each action, costs may be allowed in each if they have been properly incurred. T. & M. Transportation Company v. S. W. Shattuck Chemical Co., 10 Cir., 158 F.2d 909; Cornell v. Gulf Oil Company, D.C., 35 F.Supp. 448; Brown v. Cohan, 254 App.Div. 20, 4 N.Y.S.2d 883; Hoffman v. Grobsmith, 129 Misc. 91, 220 N.Y.S. 643, affirmed 222 App.Div. 808, 226 N.Y.S. 830; Gelfond v. Kirschenbaum, 249 App.Div. 894, 292 N.Y.S. 568; Rometsch v. Connecticut Co., 93 Conn. 658, 107 A. 495; Dekeyser v. Milwaukee Automobile Ins. Co., 236 Wis. 419, 295 N.W. 755; Rule 54 of Federal Rules of Civil Procedure; 20 C.J.S.,Costs, § 260, page 494; 15 C.J. 142.
 
 
 10
 Affirmed.