## SMITH v. BOGGIA et al.
### No. 131, Docket 22528.

United States Court of Appeals
Second Circuit.

Argued Dec. 4, 1952.

Decided Dec. 19, 1952.

1. Commercial Molasses Corp. v. New York Tank Barge Corp., 314 U.S. 104, 111, 62 S.Ct. 156, 161, 86 L.Ed. 89.

Brown, Mangin & Greene, Syracuse, N. Y., Oscar J. Brown, Syracuse, N. Y., for appellant.

Hancock, Dore, Ryan & Shove, Syracuse, N. Y., Lewis C. Ryan, Syracuse, N. Y., for appellees.

Before SWAN, Chief Judge, and CHASE and CLARK, Circuit Judges.

## PER CURIAM.

■ This is an action to recover damages for personal injuries sustained in an automobile collision. Federal jurisdiction rests on diversity of citizenship. The jury returned a verdict for the defendants. Two errors are asserted by the appellant. One of them, the contention that the verdict is entirely unsupported by evidence, is not available to him. It is settled law that under federal practice an appellate court will not consider the sufficiency of the evidence in the absence of a request for a directed verdict. Flint v. Youngstown Sheet & Tube Co., 2 Cir., 143 F.2d 923, 924; Ring v. Authors' League of America, 2 Cir., 186 F.2d 637, 641, certiorari denied 341 U.S. 935, 71 S.Ct. 854, 95 L.Ed. 1363. The plaintiff made no such request. But for his consolation we may say that were the question before us we should hold the evidence adequate. The jury might well have found contributory negligence.

■ The other error assigned relates to the reception of evidence which appellant contends must have prejudiced his case with the jury. Plaintiff's counsel called as a witness the Chief of Police of the Village of Canastota, and brought out that the plaintiff was a member of the village police force and was driving a police car at the time of the accident. The Chief also testified as to the amount of Mr. Smith's salary. On cross-examination he was asked whether "Mr. Smith was working in the course of his employment at the time of this accident," to which he replied, "Yes, sir." He was then asked, "Have you paid any of his wages, or all of his wages since the accident?" Counsel for the plaintiff requested that the witness be instructed to give a yes or no answer and the court gave such an instruction. Despite the instruction, the witness repeated the question "Has he been paid?" and then answered "Yes, but not by the village." Counsel moved to strike the answer as improper and prejudicial. Judge Brennan overruled the motion saying "I am not so certain I understand it. I will let Mr. Ryan clear it up." Mr. Ryan asked no further questions on that subject. Nor did plaintiff move for a mistrial. Later in the trial, plaintiff's counsel asked Dr. Bastable the reasonable value of his services to the plaintiff, and was answered "This was a compensation case." Both incidents were unexpected and unfortunate. But the New York cases hold that where information about insurance is inadvertently volunteered by a witness and not deliberately brought out by counsel, there is no reversible error. Brand v. Mangust Holding Corp., Sup., 53 N.Y.S.2d 882; Gelfond v. Kirschenbaum, 249 App.Div. 894, 292 N.Y.S. 568; McTague v. Dowst, 51 App.Div. 206, 64 N.Y.S. 949; see also Gleaton v. Green, 4 Cir., 156 F.2d 459.

Judgment affirmed.