In the Matter of BEEKMAN FAMILY ASSOCIATION, Respondent, against WILLIAM E. BOYLAND et al., Constituting the Tax Commission of the City of New York, Appellants.

First Department, April 21, 1953.

*Alfred W. Bergren* of counsel (*Sincerbeaux & Shrewsbury,* attorneys), for respondent.

*Edith I. Spivack* of counsel (*Morris Handel* with her on the brief; *Denis M. Hurley, Corporation Counsel,* attorney), for appellants.

*Per Curiam.* Reduction of assessments upon land and building for the years involved was justified by the evidence. The values fixed by the Special Term were proper. However, we find that there was not sufficient warrant for granting relator an additional allowance.

Section 294 of the Tax Law (L. 1950, ch. 654) reads as follows: " The court shall award to the petitioner an additional allowance not exceeding five hundred dollars, or not exceeding seven hundred fifty dollars, if two or more proceedings are consolidated or tried together, where the court finds as a fact that (a) the assessment of the property or properties was increased without adequate cause after a final order, administrative determination, or stipulation between the parties determined the assessment thereof for a previous year, or (b) the amount of assessment was grossly discriminatory." [Subd. 2.]

The Administrative Code imposes a duty upon the assessors to base the taxable value of property upon " the sum for which,

in their judgment " each parcel would sell under ordinary circumstances (Administrative Code of City of New York, § 155b–1.0, subd. b). The assessors are not bound to adopt an earlier judicial finding of value for future years. Prior adjudication by a court is some evidence of value for later years, but it is by no means conclusive. In *People ex rel. Hilton* v. *Fahrenkopf* (279 N. Y. 49, 53) the court said (LOUGHRAN, J.): " Year by year an assessor must use his own judgment and must verify the roll (Tax Law, § 28). From these considerations it results that a prior judicial determination of value does not legally bind successor assessors. (*People ex rel. Eckerson* v. *Zundel,* 157 N. Y. 513.) * * * Accordingly, we conclude that (though the assessing officers have at all times been the same persons) the doctrine of *res judicata* can have no true application to the issues of value in recurring assessment proceedings. (Cf. *Tait* v. *Western Maryland Ry. Co.,* 289 U. S. 620.) "

The language in the quoted statute relating to increases in assessments of property without adequate cause after determination for a previous year, relates to arbitrary and intentionally harassing tactics toward the taxpayer. So the Governor indicated in a memorandum he signed at the time he approved the bill amending the Tax Law. He said: "In certain cities it is commonplace, after an assessment has been corrected by the courts for the municipality to increase the assessment the following year and each successive year in disregard of judicial findings or administrative stipulation. This requires the taxpayer year after year to go into court to have his assessment corrected. It is this sort of abuse which it is hoped will be eliminated by the first bill." (1950 Public Papers of Governor Dewey, p. 420.)

The condition to which the law was directed is a far cry from what was involved in the record here. The tax commission in this case may have been wrong in its judgment. However, it does not appear that it acted without adequate cause in the sense of being arbitrary.

The fact is that the assessment complained of in this case for the year 1950–51 was made before the final judicial order fixing values for the year 1949–50. True, the tax commission still had the power to reduce it after the final order for the year 1949–50 had been served, but this did not operate to increase the assessment after the final order. For the year 1951–52 the assessment on the building was substantially reduced by the taxing authorities and an arguable case was made for its

validity as thus fixed. Moreover, there was evidence submitted by both petitioner and the tax commission to support the conclusion that values on properties in the area of the subject parcel generally increased between 1949–50 and 1951–52.

Petitioner here failed to submit proof justifying a conclusion that the assessment of the property was increased for the years 1950–51 and 1951–52 without adequate cause after a final order of the court.

The order appealed from should be modified by striking out the additional allowance to petitioner and in all other respects affirmed.

PECK, P. J., DORE, COHN, CALLAHAN and BREITEL, JJ., concur.

Order unanimously modified by striking out the additional allowance to petitioner and, as so modified, affirmed. Settle order on notice.