■ In the Matter of PARKMAN, INC., et al., Respondents-Appellants, v. R. BOYD HUFFCUT, as Assessor of the Town of Union, et al., Appellants-Respondents. (And Two Other Actions.) — COOKE, J. Cross appeals from a judgment of the Supreme Court at a Trial Term, entered March 27, 1969 in Broome County, which reduced assessments of petitioners' real property in the Town of Union for the years 1966, 1967 and 1968. Petitioners, owners of five commercial buildings each on a 25 by 100 foot lot located respectively at 5, 7, 101, 103 and 108 Washington Avenue in the main business district of the Village of Endicott, Town of Union, Broome County, instituted proceedings under article 7 of the Real Property Tax Law to review their property assessments by Town of Union officials for each of the years 1966, 1967 and 1968. It was stipulated that the Town of Union assessed at 31½% of true value, as a result of which the only issue at trial was whether the questioned assessments were based on overevaluation. One expert called by petitioners testified as to the market value of three of the properties, another as to the remaining two, and one called by the town testified as to all five. The court below adopted the figures set by petitioners' experts, ranging from $26,700 to $32,000, except that it did not reduce the valuations five percent for each of the last two years in dispute. The appraisers discussed 11 recent sales of similar structures in the immediate vicinity, eight of these comparables having prices between $25,000 and $30,000, one for $35,000 and two for over $40,000. There was proof that these last two sales were not fairly representative of market value in the area, the purchaser in one being in need of immediate replacement and the building in the other having been extensively remodeled. There was proof that the other nine sales indicated a firm market for commercial properties in downtown Endicott at $1,000 to $1,100 a front foot, regardless of the stories in the structures, and the valuations found approximate these figures. Thus, even without precise monetary adjustments to the comparables, the values assigned to the five properties appear reasonable and are supported by sufficient factual data of record to permit the trial court to fix the proper assessments for the properties. The town's expert could justify his higher estimates only by relying on the two higher comparables or by making massive adjustments to the others, the testimony of petitioners' witnesses, therefore, being more convincing. The record discloses that the parties stipulated that the three proceedings be tried together. Absent an order of consolidation, a bill of costs was available in each proceeding, even though they were tried together (*Brown* v. *Cohan,* 254 App. Div. 20; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 8104.01; 7 Carmody-Wait 2d, New York Practice, pp. 677–678). Petitioners seek an additional allowance of costs pursuant to subdivision 2 of section 722 of the Real Property Tax Law, but there is nothing in the record to support a finding of gross discrimination. Although the assessment officials may have been wrong in their judgment, there is nothing from which it appears that they acted without adequate cause in the sense of being arbitrary (cf. *Matter of Beekman Family Assn.* v. *Boyland,* 281 App. Div. 525). Judgment affirmed, without costs. Motion to strike certain statements, recitals and schedules from respondents-appellants' brief, on the ground that they are not part of the record, granted, with $20 costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Cooke, J.