## UNION WINE CO. v. GREEN.

(Supreme Court, Special Term, Chautauqua County.   March 31, 1909.)

PARTNERSHIP (§ 197*)—SUING IN COMPANY NAME—COMPLAINT SHOWING WANT OF LEGAL CAPACITY TO SUE.

A suit by a copartnership must be brought in the individual names of the partners; and a complaint by copartners, brought in a company name, alleged to be a copartnership of which the partners named are members, shows on its face that the plaintiff has not legal capacity to sue.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 360; Dec. Dig. § 197.*]

Action by the Union Wine Company against Conrad Green.   Demurrer to the complaint sustained.

A. A. Van Dusen, for plaintiff.

Harlan L. Munson, for defendant.

WOODWARD, J.   The complaint herein sets forth a cause of action in favor of the plaintiff and against the defendant on a certain promissory note given by the defendant to the plaintiff "Union Wine Company."   The complaint contains this allegation:

"That the said plaintiff is a copartnership, the members whereof are Lewis P. Brown and Otto W. Brown, doing business under the style and name of Union Wine Company."

The defendant demurs to the complaint on the ground that it appears upon the face thereof that the plaintiff has not legal capacity to sue.   I think the demurrer must be sustained, and it seems to me that any other decision would be illogical.   It is the established law of this state that a suit by a copartnership must be brought in the individual names of the partners, and not in some name adopted to denote the partnership relation.

Granting that the error in naming the plaintiff is formal and amendable, it is not for the defendant to move to amend the plaintiff's process in order to make it regular.   The Union Wine Company has not legal capacity to sue, and it so appears upon the face of the complaint, and the demurrer is therefore good.

The demurrer is sustained, with leave to the plaintiff to amend his summons and complaint by substituting the names of the real parties in interest within 20 days, with costs to the defendant to abide the event.