## GREGORY et al. v. ROYAL TYPEWRITER CO., Inc., et al.

District Court, S. D. New York.

March 16, 1939.

Pennie, Davis, Marvin & Edmonds, of New York City (John T. Farley, of New York City, of counsel), for plaintiffs.

Bartlett, Eyre, Scott & Keel, of New York City (Charles H. Keel, of New York City, of counsel), for defendants.

LEIBELL, District Judge.

Plaintiff E. E. Gregory is a citizen and resident of the State of New Jersey. Plaintiff Gregory Motors is a co-partnership; the individual partners are E. E. Gregory and his wife, Alice C. Gregory, also a citizen and resident of the State of New Jersey. Plaintiff Gregory Motors, the partnership, has been doing business in this district since June, 1933, formerly at 40 East 8th Street, Borough of Manhattan, and at present at 59 East 34th Street, Borough of Manhattan, City of New York. A certificate of the partnership, naming the partners and the place of business at 40 East 8th Street, was filed with the Clerk of New York County, pursuant to Section 440 of the New York Penal Law on June 29, 1933.

Defendants in this motion request that plaintiff be required to post a bond for costs in the sum of $500 ($250 for each plaintiff). Defendants argue that it is the law of this state "that a suit by a copartnership must be brought in the individual names of the partners, and not in some name adopted to denote the partnership relation". Union Wine Co. v. Green, 62 Misc. 551, 115 N.Y.S. 921.

However, Rule 17(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides as follows: "(b) *Capacity to Sue or Be Sued.* The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held; except that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States."

This is a suit for patent infringement under the laws of the United States.

Section 1522, subd. 8, of the New York Civil Practice Act provides: "In a case specified in this section, if there are two or more plaintiffs, the defendant cannot require security for costs to be given unless he is entitled to require it of all the plaintiffs." See Salimoff v. Standard Oil Co., 259 N.Y. 219, 221, 181 N.E. 457.

The motion is accordingly denied. Submit order on notice.