## CAVICCHI v. MOHAWK MFG. CO., Inc.

District Court, S. D. New York.

May 25, 1939.

982

Alan N. Mann, of New York City (William D. Burrows, of New York City, of counsel), for petitioner.

Dyke & Schaines, of New York City (W. R. Liberman, of New York City, of counsel), for respondent.

LEIBELL, District Judge.

Petitioner, a citizen and resident of the State of Massachusetts, sues respondent, a citizen and resident of the State of New York, for a declaratory judgment, adjudging that petitioner's tufted button, used in the manufacture of mattresses, does not infringe any of the claims of a certain patent owned by respondent.

Respondent has moved for an order requiring petitioner "to deposit sufficient security with the Clerk of the Court to cover respondent's costs herein."

Petitioner opposes the motion, contending that there is no provision in the new Federal Rules of Civil Procedure requiring security for costs (except, of course, Rule 65(c) 28 U.S.C.A. following section 723c, providing for security for costs and damages when a restraining order or preliminary injunction is issued). Petitioner argues that the new Federal Rules of Civil Procedure (Rule 1 and Rule 83) in effect abolished the Conformity Act (28 U.S.C.A. § 724) under which the Federal District Courts in New York had applied Section 1522 of the New York Civil Practice Act requiring a non-resident plaintiff to give security for costs. Nor is there any specific provision of our Civil Rules for this district, dealing with the subject of security for costs. However, Rule 34 of our local Civil Rules, adopted and promulgated by the Judges of the United States District Court for the Southern District of New York, pursuant to the authority conferred on them by Rule 83 of the Federal Rules of Civil Procedure, meets the situation now presented and in effect retains as part of our practice in this District the provisions of Section 1522, N. Y. Civil Practice Act, relating to security for costs.

Rule 83 of the Federal Rules of Civil Procedure, under which the District Judges acted, reads as follows:

"Rule 83. *Rules By District Courts*

"Each district court by action of a majority of the judges thereof may from time to time make and amend rules governing its practice not inconsistent with these rules. Copies of rules and amendments so made by any district court shall upon their promulgation be furnished to the Supreme Court of the United States. In all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with these rules."

Similar powers, with the concurrence of a majority of the Circuit Judges, were conferred on the District Courts by Equity Rule 79, 28 U.S.C.A. following section 723. Certain rule making powers were also conferred on the District Courts by 28 U.S.C.A. § 731.

Rule 34 of our local Civil Rules, duly promulgated for this District, reads as follows:

"Rule 34. *Procedure in Absence of Rule.*

"Whenever a procedural question arises which is not covered by the provisions of any statute of the United States, or of the Federal Rules of Civil Procedure, or of these rules, it shall be determined, if possible, by the parallels or analogies furnished by such statutes and rules. If, however, no such parallels or analogies exist, then the procedure heretofore prevailing in courts of equity of the United States, or in default thereof the procedure which shall then prevail in the Supreme Court of the State of New York shall be applied."

It was a practice on the equity side of this Court, prior to the adoption of the Federal Rules of Civil Procedure, to require non-resident plaintiffs to furnish security for costs. Uhle v. Burnham, C.C., 46 F. 500. A similar practice prevailed in other Federal districts. Deprez v. Thomson-Houston Electric Co., C.C., 66 F. 22; Long et al. v. Stites, 6 Cir., 63 F.2d 855. It has been held that a federal court of equity has the inherent power to require a non-resident suitor to furnish security for costs, without any statute or rule of court specially providing therefor. Karns v. W. L. Imlay Rapid Cyanide Process Co., C.C., 181 F. 751.

The procedure prevailing in the Supreme Court of the State of New York under Section 1522 et seq. of the New York Civil Practice Act, gives a defendant in that court the right to require a non-resident plaintiff to furnish security for costs.

It appears therefore, that under several of the clauses of Rule 34 of the Civil Rules of this District, defendant's motion

for security for costs may be granted. Motion granted accordingly. Settle order on notice.