## In re UTILITY CONSUMERS SERVICE, Inc.

District Court, S. D. New York.
Feb. 8, 1941.

Lewis H. Saper, of New York City, for Trustee.

Edwin M. Slote, of New York City, for respondents.

HULBERT, District Judge.

Respondents apply for an order requiring a Trustee in Bankruptcy to furnish security for costs. The circumstances are rather unique.

■ The application is based upon Sections 1522 and 1531 of the New York Civil Practice Act. The former authorizes security for costs in actions and the latter in special proceedings, and respondents rely for the applicability of the State Court procedural provisions, and particularly Section 1531 upon the Conformity Act, 28 U.S.C.A. § 724, which, however, has been, in effect, superseded by the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which became effective September 20, 1938.

In Sibbach v. Wilson & Co., Inc., 61 S.Ct. 422, 425, 85 L.Ed. ——, decided by the Supreme Court of the United States, January 13, 1941, Mr. Justice Roberts stated: "Whatever may be said as to the effect of the Conformity Act while it remained in force, the rules, if they are within the authority granted by Congress, repeal that statute, and the District Court was not bound to follow the Illinois practice respecting an order for physical examination."

See: Granite Trust Bldg. Corp. v. Great Atlantic & Pacific Tea Co., D.C., 36 F. Supp. 77.

It is true that this court has provided by Local Rule 34, as follows: "Whenever a procedural question arises which is not covered by the provisions of any statute of the United States, or of the Federal Rules of Civil Procedure, or of these rules, it shall be determined, if possible, by the parallels or analogies furnished by such statutes and rules. If, however, no such parallels or analogies exist, then the procedure heretofore prevailing in courts of equity of the United States, or in default thereof the procedure which shall then prevail in the Supreme Court of the State of New York shall be applied."

■■ And it was applied in Cavicchi v. Mohawk Mfg. Co., Inc., D.C., 27 F. Supp, 981 (an action for a declaratory judgment), and by the writer in Weinstein v. Baker, D.C.,[1] wherein the Trustee in Bankruptcy was the plaintiff, but it (Local Rule 34) is one of the Civil Rules of this court and does not apply to bankruptcy, so that the determination of this motion turns upon the exercise of a sound judicial discretion, if the Court has any power at all.

On or about July 27, 1937, Utilities Consumers Service, Inc., filed in this court its petition for reorganization under the provisions of Section 77B of the National Bankruptcy Act, 11 U.S.C.A. § 207, and thereafter an order was made confirming a plan of reorganization which awarded and made provision for the payment of certain allowances for services to the respondents. These payments were made out of the proceeds of a contribution by a third party to the debtor in furtherance of the plan of reorganization which, however, not having been effectively consummated after a period of two years, an order of liquidation was entered, the debtor adjudicated a bankrupt, the trustee appointed, and he now seeks to recover, in whole or in part, the sums heretofore paid to respondents, upon the theory that they did not complete their services and fullfil their duties under their respective employment. They challenge the jurisdiction to summarily determine the issues involved before the Referee, and since this is a "no asset" case, seek to compel the Trustee to indemnify them.

■ I do not feel any discretion should be exercised against the Trustee. The re-

---

[1] No opinion for publication.

spondents should defend their right to retain the fees heretofore allowed and paid to them. Those respondents who are officers of the court ought to be zealous of the opportunity to relieve themselves of even an unjustified suspicion.

The requirement for security for costs might preclude a warranted investigation and thus defeat the true administration of justice. Motion denied. Settle order.