454

al rule of civil procedure. Inasmuch as I believe that, under the old equity practice, the allowance of security for costs was a matter of discretion (Uhle v. Burnham, C. C., 46 F. 500), I am inclined, under the circumstances' in this case, to disallow the application for such security. Cf. Cavicchi v. Mohawk Mfg. Co., Inc., D.C., 27 F.Supp. 981.

The motion to vacate the ex parte order of February 24, 1941 is granted.

## MINNEAPOLIS GASOLINE & FUEL CO. v. ETHYL GASOLINE CORPORATION
### et al.

District Court, S. D. New York.

March 6, 1941.

Louis Karasik, of New York City, Hiram Z. Mendow, of Minneapolis, Minn., and Maurice J. Dix, of New York City, for plaintiff.

• Richard M. Page and Benjamin C. Loder, both of New York City, for defendants.

MANDELBAUM, District Judge.

The plaintiff moves to vacate an ex parte order staying the suit until it shall post security for costs in the sum of $250. This is a suit under the Clayton Act, 38 Stat. 730.

Rule 34 of the civil rules of this court, dealing with procedural matters, makes our old equity practice applicable in the absence of any other federal statute or feder-