## PELTZ et al. v. CAROLINA BAGGING CO.

District Court, S. D. New York.
April 1, 1941.

See, also, 1 F.R.D. 443.

Leo Guzik, of New York City, for plaintiffs.

Mudge, Stern, Williams & Tucker, of New York City (Randolph H. Guthrie, of New York City, of counsel), for defendant.

LEIBELL, District Judge.

This is a motion by the defendant for an order compelling Samuel N. Barish, as trustee in bankruptcy of Textile Corporation of America, to furnish security for costs under Section 1522 of the New York Civil Practice Act.

This action is brought by two plaintiffs, Joseph J. Peltz and the trustee in bankruptcy. The action was originally begun by Peltz in the Supreme Court of the State of New York. The plaintiff Peltz filed a bond in the state court securing the defendant against costs and damages required by state law where jurisdiction is obtained by attachment. Peltz sued in his own name and as assignee of the Textile Corporation of America with whom the defendant made the contract which is the subject of this action.

Thereafter Textile Corporation of America was adjudicated a bankrupt and plaintiff Peltz assigned his interest in the cause of action to the trustee, both parties, however, remaining as parties plaintiff. This was done at the request of the defendant who had counterclaimed in its answer against Peltz and the Textile Corporation of America.

There is no provision in the new Federal Rules of Civil Procedure or in any federal statute authorizing this court to compel a plaintiff to post security for costs in the circumstances here presented. However, Rule 34 of the local Civil Rules adopted and promulgated by the Judges of the United States District Court for the Southern District of New York, pursuant to Rule 83 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is a source of authority for requiring security for costs in a proper case.

Rule 34 of our local Civil Rules reads as follows:

"Rule 34. Procedure in Absence of Rule.

"Whenever a procedural question arises which is not covered by the provisions of any statute of the United States, or of the Federal Rules of Civil Procedure, or of these rules, it shall be determined, if possible, by the parallels or analogies furnished by such statutes and rules. If, however, no such parallels or analogies exist, then the procedure heretofore prevailing in courts of equity of the United States, or in default thereof the procedure which shall then prevail in the Supreme Court of the State of New York shall be applied."

As I pointed out in Cavicchi v. Mohawk Mfg. Co., Inc., D.C., 27 F.Supp. 981, at page 982: "It was a practice on the equity side of this Court, prior to the adoption of the Federal Rules of Civil Procedure, to require non-resident plaintiffs to furnish security for costs. Uhle v. Burnham, C.C., 46 F. 500. A similar practice prevailed in other Federal districts. Deprez v. Thomson-Houston Electric Co., C.C., 66 F. 22; Long et al. v. Stites, 6 Cir., 63 F.2d 855. It has been held that a federal court of equity has the inherent power to require a non-resident suitor to furnish security for costs, without any statute or rule of court specially providing therefor. Karns v. W. L. Imlay Rapids Cyanide Process Co., C.C., 181 F. 751."

The advisability of compelling a plaintiff suitor to post security for costs was regarded as a discretionary matter with the court under the old equity procedure of the United States courts. The right of a litigant to compel security for costs in the New York State courts is persuasive in this Court. But in view of the language of Local Rule 34 and the fact that the for-

mer equity procedure in this Court made the requirement of security for costs discretionary, the right to security for costs conferred by the state law should not be regarded as mandatory in this Court.

■ Defendant's position in this case is not strengthened by an application of New York law. There are two parties plaintiff in this action to whom defendant may look for reimbursement by way of costs. Plaintiff Peltz, however, is a resident of the State of New York and no security for costs could be demanded of him. It follows therefore that defendant, under the State Court practice, is not entitled to security for costs from plaintiff-trustee, by virtue of Section 1522, subdivision 8, of the New York Civil Practice Act, which reads as follows: "8. In a case specified in this section, if there are two or more plaintiffs, the defendant cannot require security for costs to be given unless he is entitled to require it of all the plaintiffs."

See, Gregory et al. v. Royal Typewriter Co., D.C., 27 F.Supp. 160; Salimoff & Co. v. Standard Oil Co., 259 N.Y. 219, 181 N.E. 457; Blaise v. Bovin, 173 Misc. 963, 18 N. Y.S.2d 716.

The action herein is now on the ready calendar of this Court, for trial on April 14, 1941. The trustee claims that the estate is without funds to post security and that if compelled to do so the trustee will have to abandon the cause of action. Under the circumstances I feel constrained to deny defendant's application for security for costs.

Settle order on notice.