**AZAROW et al. v. SHERNETH CORPORATION.**

District Court, S. D. New York.

May 13, 1948.

Bernard S. Glick, of New York City, for plaintiffs.

John P. Smith, of New York City (Joseph A. Minch, of New York City, of counsel), for defendant.

HULBERT, District Judge.

Defendant moves for an order directing plaintiffs to furnish security for costs in the sum of $250.

The plaintiffs, both of whom are residents of the State of New Jersey, oppose the application upon the ground that this Court is without authority.

■ It is conceded that such authority formerly existed by Local Rule 53 of this Court which, however, counsel points out, was omitted from the present Rules of this District. And moreover, he contends that the Conformity Act, 28 U.S.C.A. § 724,* has been abrogated by the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and by reason of the fact that the present Local Rules of this District do not contain such provision. In this he is in error.

Pursuant to Rule 83, F.R.C.P., this Court adopted Local Rule No. 34, which reads as follows:

"Whenever a procedural question arises which is not covered by the provisions of any statute of the United States, or of the Federal Rules of Civil Procedure, or of these rules, it shall be determined, if possible, by the parallels or analogies furnished by such statutes and rules. If, however, no such parallels or analogies exist, then the procedure heretofore prevailing in courts of equity of the United States, or in default thereof the procedure which shall then prevail in the Supreme Court of the State of New York shall be applied."

This Court has heretofore had occasion pursuant to this rule, in bankruptcy, to follow the provisions of Sec. 1522 of the Civil Practice Act of the State of New York, In re Utility Consumers Service, Inc., D.C., 38 F.Supp. 102, and Judge Leibell applied the rule in a civil action for declaratory judgment in Cavicchi v. Mohawk Mfg. Co., Inc., D.C., 27 F.Supp. 981. Judge Leibell denied it in a derivative stockholders action, Craftsman Finance & Mortgage Co. v. Brown et al., D.C., 64 F. Supp. 168, at page 178, where he said:

"Whether this Court in any given case will follow the State Supreme Court in applying § 61-b (of the General Corporation Law of New York, Consol.Laws, c. 23) rests in the sound discretion of the Federal Judge, under Rule 34 of our local Civil Rules."

■ In the case at bar the defendant is a New York Corporation engaged in the operation of a hotel at 59th Street and Fifth Avenue, Borough of Manhattan, New

---

* See Sibbach v. Wilson & Co., Inc., 312 U.S. 1, 655, 61 S.Ct. 422, 85 L.Ed. 479.

York, and it is a reasonable inference that the plaintiffs could not secure jurisdiction over said, defendant anywhere except in the Southern District of New York. Therefore, this Court, in the exercise of what it believes to be a sound discretion, will deny the motion. Settle order on notice.