TILLY CHAMBELIS *vs.* THE CONNECTICUT COMPANY.

FELIX ROMETSCH *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, New Haven, June Term, 1919.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

General Statutes, § 2242, provides that the prevailing party in a civil
action shall receive $15 for the trial of an issue of law or fact, but
if more than one issue of fact shall be tried at one time, only one
trial fee shall be allowed. *Held* that where two distinct causes
with different plaintiffs were by mutual agreement tried together
to the same jury, with a separate verdict and judgment in each
case, the prevailing party in each was entitled to recover a trial
fee and also a jury fee.

Submitted on briefs June 5th—decided July 16th, 1919.

APPEALS by the defendant from the allowance, in
taxing costs, of two trial fees and two jury fees, in two
cases claiming damages resulting from the same colli-
sion, which were tried together to the same jury, in
the Court of Common Pleas in Fairfield County,
*Booth, J. No error.*

The plaintiff Rometsch sued for damages to his
automobile, and the plaintiff Chambelis for personal
injuries received in the same accident. The cases
were tried to the jury together, so that the evidence
as to liability was the same in each case, but the evi-
dence as to damages entirely separate. There was a ver-
dict and judgment for $155 in the Rometsch case and
for $236 in the Chambelis case.

*Seth W. Baldwin,* for the appellant (defendant).

*Henry E. Shannon* and *Frank L. Wilder,* for the ap-
pellees (plaintiffs).

Reed v. Stevens.

Per Curiam. Each plaintiff was entitled to a jury fee and a trial fee. There were two jury trials, and the judgment in each case recites, accordingly, that it was committed to the jury. The agreement that the two cases should be tried together, related merely to the method of submitting the question of liability in each case to the jury. Otherwise the two litigations were independent, and on the issue of damages required separate trials.

The provision of § 2242 of the General Statutes which provides that "the prevailing party in any civil action . . . shall receive . . . for the trial of an issue of law or fact, fifteen dollars, but if more than one issue of fact shall be tried at one time, only one trial fee shall be allowed," does not apply. Here there are two prevailing parties having no privity of action.

There is no error.