### ALBREN, INC.
vs.
### WILLIAM GORDON, ET AL.

Superior Court        Fairfield County        File #47083

Present: Hon. ERNEST A. INGLIS, Judge.

Sydney C. Kweskin,        Attorney for the Plaintiff.

William C. Rungee,
Beers & Beers,        Attorneys for the Defendant.

## MEMORANDUM FILED NOVEMBER 19, 1935.

INGLIS, J. The issues of fact in this case were tried at the same time as the issues of fact in case No. 47082. **Albron, Inc. vs. William Gorden, et al.,** both actions being brought by the same plaintiff against the same defendants to recover damages for slander. Judgment was rendered for the defendants in both actions. The Clerk has taxed only one indemnity for lawyers services on the trial of the issues of fact and from this ruling the defendant appeals.

The only question involved is as to the proper interpretation of **Sec. 2271 Gen. St., Rev. 1930** the pertinent portion of which reads as follows:

"The prevailing party in any civil action in the Superior Court . . . shall receive by way of indemnity the following sums: . . . for the trial of an issue of law or fact, fifteen dollars, but if more than one issue of fact shall be tried at one time, only one trial fee shall be allowed; . . ."

It is difficult to conceive of any situation to which the proviso in this statute could apply except such a situation as existed in the trial of these two cases. There are only two possible ways in which it can happen that two or more issues of fact are tried at the same time. It may result from two or more issues of fact being raised in the same action by the insertion of two or more counts in the complaint or by one set of issues being raised on the complaint and another set on a counter-claim or cross-complaint. Or in the second place it may result as it has here from the trial together of two or more separate actions between the same parties. So far as the first sort of situation is concerned that is where the various issues of fact all arise in the same action, the first part of the statute quoted above covers that. It is provided that the costs which are to be recovered by a prevailing party are those which accrue "in any civil action". Without the addition of the proviso, it would be perfectly clear that but one lawyer's indemnity for the trial of issues of fact could be taxed for the trial of all of the issues of fact which arose in any one civil action. If therefore the proviso in the statute is to be given any significance whatsoever it must be held to apply to a situation where two or more cases between the same parties are by agreement or otherwise tried together.

The present case is easily distinguishable from the case or Chambelis vs. Connecticut Co., 93 Conn. 658. In that case the two cases tried together were between different parties.

An order may enter denying the appeal and confirming the taxation of costs made by the Clerk.