## MARY COHN
### vs.
## CITY AND TOWN OF HARTFORD

Superior Court        Hartford County        File Nos. 47904, 51364, 53676, 56343, 58310, 60651

MEMORANDUM FILED JULY 11, 1941.

*Cole & Cole,* of Hartford, for the Plaintiff.

*Barclay Robinson, Vincent W. Dennis, Franz J. Carlson* and *Harold Borden,* of Hartford, for the Defendant.

*Appeal by Plaintiff.*

SIMPSON, J. These actions are appeals from the assessments on the same real estate for six different taxable years. They were referred to a state referee and judgment, upon the report of the referee, rendered for the plaintiff in each case.

The plaintiff appeals from the refusal of the clerk to tax in her favor a fee of $15 for search of title and a fee of $15 for an expert in each case.

The portion of the statute relative to the costs a prevailing party shall receive, and upon which the plaintiff bases her claim, reads as follows: "In any civil action affecting the title to real estate situated in this state, or affecting any mortgage or lien thereon, the actual expense, not exceeding the sum of fifteen dollars, of an examination of the land records concerning the title to the real estate in question and the actual amount, not exceeding the sum of fifteen dollars, paid for an expert on the value of the land when such value is in dispute." (Gen. Stat. [1930] §2271.)

It does not appear in the cases that the title to the land was in dispute, or that they affected any mortgage or lien thereon, but it does appear that the value of the land was in dispute. The statute is so drawn, however, that the allowance of a fee for examination of records and a fee for an expert is tied up with and contingent upon the action being one affecting title to real estate, or a mortgage or lien thereon. The provision of the statute is in the conjunctive. An allow-

ance for searching title cannot be allowed unless the action is one affecting title or a mortgage or lien on the real estate. That test being applicable, no allowance for an expert can be made. The former not being allowable because the action was not one affecting title or a mortgage or lien on real estate, then it also follows that no allowance for an expert can be allowed. This is in accord, so the court is informed, with the practice in such cases as these in this State.

### Appeal by Defendant.

When the above numbered and entitled cases were referred to a state referee they were by mutual agreement tried together upon an agreement that the evidence would apply so far as applicable to all six cases.

The clerk has taxed in favor of the plaintiff, who was the prevailing party, a trial fee of $15 in each case, from which taxation the defendant has appealed.

While it appears that the parties were the same, and therefore in privity, it also appears that the value of plaintiff's land was in dispute as of six different yearly periods. This being so they required different trials. The agreement that the actions should be tried together related merely to the method of determining the value of the land at stated periods. Each action was a separate action in this respect. This being so, distinguishes the cases from *Chambelis vs. Connecticut Co.*, 93 Conn. 658, and *Albren, Inc. vs. Gordon, (Inglis, J.)* 3 Conn. Sup. 85. The action of the clerk in taxing a trial fee in each case is in accordance with the usual practice in such cases in this State.

The appeals are therefore overruled.