THOMAS E. DANIELS *v.* BOARD OF EDUCATION OF THE TOWN OF MADISON ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued February 6—decision released May 7, 1974

*David E. Schancupp,* for the appellants (defendants).

*M. Mitchell Morse,* for the appellee (plaintiff).

LOISELLE, J. Sophie Daniels, as next friend, brought an action in nuisance against the defendant board of education of the town of Madison, herein-

after referred to as the board, and against the nine individual defendants who comprise the entire membership of the board, to recover for personal injuries sustained by the minor plaintiff, Thomas E. Daniels, while upon school premises. Following a verdict for the defendants, the clerk of the court taxed costs in favor of each of the nine individual defendants and the board. The trial court subsequently sustained an appeal by the plaintiff from the taxation of costs and ordered that a single bill of costs be charged. The defendants have appealed from this ruling of the court.

The sole issue in this appeal is whether costs should be taxed against the losing party, the plaintiff, in favor of each of the named defendants under § 52-257 of the General Statutes. In bringing the action, the plaintiff elected to sue the individual members of the board, as well as the board. Under the plaintiff's writ, each member of the board and the board itself received individual service of process. Section 52-257 provides, in part: "The prevailing party in any civil action in the superior court or in the court of common pleas shall receive, by way of indemnity, the following sums: For all proceedings before trial, fifty dollars; for the trial of an issue of law or fact, seventy five dollars." In the original taxation of costs, the clerk awarded these amounts to each of the nine members of the board and to the board, as a separate entity, totaling $500 for pretrial proceedings plus $750 for the trial. After the plaintiff's appeal from the taxation of costs, the trial court reduced the award to "one (1) Bill of Costs," i.e., $50 plus $75, to be divided among the ten defendants. In their appeal from this decision, the defendants contend that the

reduction of costs by the court was erroneous and that the language of § 52-257 should be read to require an award of the amounts enumerated therein to each of them.

The language of the statute itself is not precise. In providing that the prevailing party may recover the specified sums, no guidance is given as to whether each party must be awarded the listed costs or whether these amounts are to be divided among all the parties. Reading "prevailing party" as "prevailing parties," as the defendants suggest, pursuant to § 1-1 (f) of the General Statutes, fails to clarify this point. The statute could still be read to require either that the specified amounts be distributed among the prevailing parties or that these allowances should be awarded to each of them.

"[T]he taxable costs [under the General Statutes] were originally intended to be an approximation of the cost to the winning party of obtaining his legal rights." Lyman, "Our Obsolete System of Taxable Costs," 25 Conn. B.J. 148, 150. While the statutory cost provisions have failed to keep pace with the increase in the actual expense of litigation, this underlying rationale is controlling. In the proper case, where codefendants with countervailing interests retain counsel and present separate defenses each defendant would be entitled to indemnity in the amounts provided by statute. Cf. *Chambelis* v. *Connecticut Co.*, 93 Conn. 658, 659, 107 A. 495. In this case, however, the defendants shared a common defense and were represented by a single counsel. There was one pleading, and one trial. A single judgment was rendered in favor of all the defendants. Accordingly, the court was correct in ruling

that the defendants were entitled to be indemnified only to the extent of a single bill of costs. See *Nichols* v. *Peck,* 70 Conn. 439, 443, 39 A. 803.

Although the interpretation placed on § 52-227 of the General Statutes by § 342 of the Practice Book presents an exception to this holding, that statute and the Practice Book provision are inapplicable to this case by their own terms. Without a showing that the policies and logic behind § 342 should apply to the present situation, this provision cannot control the interpretation of § 52-257.

There is no error.

In this opinion the other judges concurred.